David L. KIEFER, Appellant,

v.

Terry L. KIEFER, Appellee.

No. 2–04–014–CV.

Court of Appeals of Texas,
Fort Worth.

March 18, 2004.

**602**

Leach, Ames & Brewer, James R. Ames, Hurst, for appellant.

Brant Krueger, Arlington, for appellee.

PANEL D: GARDNER, WALKER, and McCOY, JJ.

## OPINION

ANNE GARDNER, Justice.

Appellant David L. Kiefer attempts to appeal the trial court's protective order in his pending divorce case. We dismiss the appeal for want of jurisdiction.

On January 7, 2004, the trial court entered a family violence protective order. In the order, the trial court expressly found that the petition for divorce was pending. Appellant filed a notice of appeal on January 12. On February 18, we notified appellant of our concern that we lack jurisdiction over this appeal because the trial court's order is not a final judgment and informed appellant that the appeal would be dismissed for want of jurisdiction unless appellant or any party desiring to continue the appeal filed with the court within ten days a response showing grounds for continuing the appeal. We have not received any response.

Generally, appellate jurisdiction exists only in cases in which a final judgment has been rendered that disposes of all issues and parties in the case. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 268 (Tex.1992) (orig. proceeding); *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex.1986) (orig. proceeding). The Texas Legislature has, however, authorized the appeal of several types of interlocutory orders, none of which is at issue here. *See, e.g.,* Tex. Civ. Prac. & Rem.Code Ann. §§ 15.003, 51.014,

171.098 (Vernon Supp.2004); Tex. Gov't Code Ann. § 1205.068 (Vernon 2000).[1] It is fundamental error for an appellate court to assume jurisdiction over an interlocutory appeal that is not expressly authorized by statute. *See N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex.1990); *Jani King, Inc. v. Yates*, 965 S.W.2d 665, 666–67 (Tex.App.-Houston [14th Dist.] 1998, no pet.).

A protective order rendered during post-divorce proceedings that disposes of all issues and parties in the underlying proceeding is final and appealable. *Winsett v. Edgar*, 22 S.W.3d 509, 509 (Tex. App.-Fort Worth 1999, no pet.). However, a protective order rendered during the pendency of the parties' divorce is not a final judgment for purposes of appeal. *In re K.S.L.-C.*, 109 S.W.3d 577, 579–80 (Tex. App.-Tyler 2003, no pet.); *Bilyeu v. Bilyeu*, 86 S.W.3d 278, 282 (Tex.App.-Austin 2002, no pet.).

Because the protective order entered during the pending divorce is neither a final judgment nor an appealable interlocutory order, we have no jurisdiction over this appeal. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R.App. P. 42.3(a).

---

1. The Texas Supreme Court has also held that orders related to the sealing of court records are final and appealable. *See* Tex R. Civ. P. 76a(8); *Jack B. Anglin Co.*, 842 S.W.2d at 272 n. 13.