COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-068-CV
  
   
LAWRENCE 
DEAN JAKOBE                                                     APPELLANT
  
V.
  
PENNY 
KAY JAKOBE                                                                APPELLEE
 
  
------------
 
FROM 
THE 233RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Lawrence Dean Jakobe appeals a finding of family violence and the granting of a 
protective order issued pursuant to Title 4 of the Texas Family Code.  We 
affirm.
BACKGROUND
        Appellant 
and Appellee were married on May 9, 2003 and divorced on December 3, 2003. No 
appeal was taken from the divorce judgment.[2]  
On January 27, 2004, Appellee filed an application for a protective order, 
alleging Appellant had committed family violence as defined in the Texas Family 
Code.  See Tex. Fam. Code 
Ann. §§ 71.004, 81.001, 85.001 (Vernon 2002).  Although Appellant 
was properly served, he did not answer or appear at the hearing on Appellee’s 
application, and was in fact incarcerated at the time of the hearing.  At 
the conclusion of the hearing, the trial court entered an order granting 
Appellee’s request for a protective order.[3]
APPELLANT’S CONTENTION
        Appellant 
has filed two pro se briefs on appeal.  The thrust of Appellee’s reply 
brief is that Appellant may not now complain of Appellee’s credibility or the 
entry of the protective order because Appellant was not present at the 
protective order hearing and presented no contrary evidence.  In light of 
our obligation to liberally construe briefs, see Tex. R. App. P. 38.9, we interpret 
Appellant’s two pro se briefs as challenging the sufficiency of the evidence 
to support the protective order.
STANDARD OF REVIEW[4]
        In 
determining a “no evidence” challenge, we are to consider only the evidence 
and inferences that tend to support the finding of the disputed fact and 
disregard all evidence and inferences to the contrary.  Bradford v. 
Vento, 48 S.W.3d 749, 754 (Tex. 2001); Cont’l Coffee Prods. Co. v. 
Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); In re King's Estate, 150 
Tex. 662, 244 S.W.2d 660, 661 (1951). Anything more than a scintilla of evidence 
is legally sufficient to support the finding. Cont’l Coffee, 937 S.W.2d 
at 450; Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996).  More 
than a scintilla of evidence exists if the evidence furnishes some reasonable 
basis for differing conclusions by reasonable minds about the existence of a 
vital fact.  Rocor Int’l, Inc. v. Nat’l Union Fire Ins. Co., 77 
S.W.3d 253, 262 (Tex. 2002).
        An 
assertion that the evidence is “insufficient” to support a fact finding 
means that the evidence supporting the finding is so weak or the evidence to the 
contrary is so overwhelming that the answer should be set aside and a new trial 
ordered.  Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).  We 
are required to consider all of the evidence in the case in making this 
determination, not just the evidence that supports the finding.  Mar. 
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex.), cert. denied, 
525 U.S. 1017 (1998).
DISCUSSION
        A 
trial court shall render a protective order if, after a hearing, it finds that 
family violence has occurred and is likely to occur in the future. Tex. Fam. Code Ann. §§ 81.001, 
85.001.  “Family violence” means:
   
(1) an act by a member of a family or household against another member of the 
family or household that is intended to result in physical harm, bodily injury, 
assault, or sexual assault or that is a threat that reasonably places the member 
in fear of imminent physical harm, bodily injury, assault, or sexual assault....
 
  
Id. 
§ 71.004.
 
        In 
support of her application for a protective order, Appellee submitted her 
affidavit and testified at the hearing. Appellee stated that she and Appellant 
met in February 2003 and married on May 9, 2003.  On August 31, 2003, 
Appellee called 9-1-1 after discovering Appellant had taken a handful of pills, 
chased them with a large amount of vodka, written a note, and “lay down on the 
couch to die.”  On September 4, 2003, Appellee learned for the first time 
that Appellant had been HIV positive for a number of years.  Appellant 
never informed Appellee of his condition, either before or during their 
marriage, and never used a condom with her.  Appellee stated that sometime 
in September 2003, Appellant told Appellee that he tried to infect her because 
he did not want to die alone.  In his brief, Appellant disputes the context 
in which this statement was made, but does not deny that he failed to inform 
Appellee that he was HIV positive.
        Appellee’s 
affidavit also recites several instances when Appellant continued to harass her 
and her son in their apartment, one time resulting in the fugitive squad taking 
him into custody at her apartment. Appellant called Appellee from jail collect 
approximately 30 times in 3 days.  After Appellee mailed Appellant the 
final divorce decree, Appellant left messages for Appellee that he would kill 
her and her dog; Appellee reported the threats to Appellant’s parole officer.
        Applying 
the appropriate standards of review, and having considered all the evidence from 
the hearing on Appellee’s application for a protective order, we hold the 
evidence is legally and factually sufficient to support the trial court’s 
granting of the protective order.
CONCLUSION
        Having 
determined that the evidence supported the granting of the protective order, we 
affirm the judgment of the trial court.[5]
  
  
                                                                  PER 
CURIAM
 
 
PANEL 
F: HOLMAN, DAUPHINOT, and GARDNER, JJ.
 
DELIVERED: 
March 3, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Although in his brief in the instant case Appellant complains of improprieties 
in the granting of his divorce, that judgment is now final so any alleged errors 
arising out of that case are not before us.
3.  
A protective order rendered during post-divorce proceedings that disposes of all 
issues and parties in the underlying proceeding is final and appealable.  Kiefer 
v. Kiefer, 132 S.W.3d 601, 602 (Tex. App.—Fort Worth 2004, no pet.).
4.  
Courts of appeals differ regarding the appropriate standard of review to apply 
to an appellate challenge to a protective order under Title 4 of the Texas 
Family Code.  Compare Vongontard v. Tippit, 137 S.W.3d 109, 112-13 
(Tex. App.—Houston [1st Dist.] 2004, no pet.) and B.C. v. Rhodes, 116 
S.W.3d 878, 883-84 (Tex. App.—Austin 2003, no pet.) (both applying legal and 
factual sufficiency standards of review) with Thompson v. Thompson-O’Rear, 
No. 06-03-00129-CV, 2004 WL 1243080, at *2 (Tex. App.—Texarkana June 8, 2004, 
no pet.) (mem. op.) (acknowledging that other courts apply legal and factual 
sufficiency standard of review, but applying abuse of discretion standard of 
review).  Neither party in the case at bar addresses the issue of which 
standard of review is applicable.  We believe sufficiency of the evidence 
of the protective order is more appropriately measured by legal and factual 
sufficiency contentions.
5.  
Appellant filed in this court a “Motion to Dismiss and Reverse the Charges On 
Protective Order.”  This motion raises the same contentions as those 
contained in Appellant’s two briefs.  Because we have held the trial 
court did not err in granting the protective order, we deny Appellant’s 
motion.