JAKOBE V. JAKOBE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-068-CV

LAWRENCE DEAN JAKOBE APPELLANT

V.

PENNY KAY JAKOBE APPELLEE

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Lawrence Dean Jakobe appeals a finding of family violence and the granting of a protective order issued pursuant to Title 4 of the Texas Family Code.  We affirm.

BACKGROUND

Appellant and Appellee were married on May 9, 2003 and divorced on December 3, 2003.  No appeal was taken from the divorce judgment.
(footnote: 2)  On January 27, 2004, Appellee filed an application for a protective order, alleging Appellant had committed family violence as defined in the Texas Family Code.  
See
 
Tex. Fam. Code Ann.
 §§ 71.004, 81.001, 85.001 (Vernon 2002).   Although Appellant was properly served, he did not answer or appear at the hearing on Appellee’s application, and was in fact incarcerated at the time of the hearing.  At the conclusion of the hearing, the trial court entered an order granting Appellee’s request for a protective order.
(footnote: 3)
APPELLANT’S CONTENTION

Appellant has filed two pro se briefs on appeal.  The thrust of Appellee’s reply brief is that Appellant may not now complain of Appellee’s credibility or the entry of the protective order because Appellant was not present at the protective order hearing and presented no contrary evidence.  In light of our obligation to liberally construe briefs, 
see
 
Tex. R. App. P. 
38.9, we interpret Appellant’s two pro se briefs as challenging the sufficiency of the evidence to support the protective order.

STANDARD OF REVIEW
(footnote: 4)
 In determining a “no evidence” challenge, we are to consider only the evidence and inferences that tend to support the finding of the disputed fact and disregard all evidence and inferences to the contrary.  
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez
, 937 S.W.2d 444, 450 (Tex. 1996);
 In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
Cont’l Coffee
, 937 S.W.2d at 450;
 Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact.  
Rocor Int’l, Inc. v. Nat’l Union Fire Ins. Co.
, 77 S.W.3d 253, 262 (Tex. 2002).

An assertion that the evidence is “insufficient” to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination, not just the evidence that supports the finding.  
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998).

DISCUSSION

A trial court shall render a protective order if, after a hearing, it finds that  family violence has occurred and is likely to occur in the future.  
Tex. Fam. Code Ann.
 §§ 81.001, 85.001.  “Family violence” means:

(1) an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault....

Id.
 § 71.004.

In support of her application for a protective order, Appellee submitted her affidavit and testified at the hearing.  Appellee stated that she and Appellant met in February 2003 and married on May 9, 2003.  On August 31, 2003, Appellee called 9-1-1 after discovering Appellant had taken a handful of pills, chased them with a large amount of vodka, written a note, and “lay down on the couch to die.”  On September 4, 2003, Appellee learned for the first time that Appellant had been HIV positive for a number of years.  Appellant never informed Appellee of his condition, either before or during their marriage, and never used a condom with her.  Appellee stated that sometime in September 2003, Appellant told Appellee that he tried to infect her because he did not want to die alone.  In his brief, Appellant disputes the context in which this statement was made, but does not deny that he failed to inform Appellee that he was HIV positive.

Appellee’s affidavit also recites several instances when Appellant continued to harass her and her son in their apartment, one time resulting in the fugitive squad taking him into custody at her apartment.  Appellant called Appellee from jail collect approximately 30 times in 3 days.  After Appellee mailed Appellant the final divorce decree, Appellant left messages for Appellee that he would kill her and her dog; Appellee reported the threats to Appellant’s parole officer.

Applying the appropriate standards of review, and having considered all the evidence from the hearing on Appellee’s application for a protective order, we hold the evidence is legally and factually sufficient to support the trial court’s granting of the protective order.

CONCLUSION

Having determined that the evidence supported the granting of the protective order, we affirm the judgment of the trial court.
(footnote: 5)
 PER CURIAM

PANEL F:  HOLMAN, DAUPHINOT, and GARDNER, JJ.

DELIVERED:  March 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Although in his brief in the instant case Appellant complains of improprieties in the granting of his divorce, that judgment is now final so any alleged errors arising out of that case are not before us.

3:
A protective order rendered during post-divorce proceedings that disposes of all issues and parties in the underlying proceeding is final and appealable.  
Kiefer v. Kiefer
, 132 S.W.3d 601, 602 (Tex. App.—Fort Worth 2004, no pet.).

4:
Courts of appeals differ regarding the appropriate standard of review to apply to an appellate challenge to a protective order under Title 4 of the Texas Family Code.  
Compare Vongontard v. Tippit
, 137 S.W.3d 109, 112-13  (Tex. App.—Houston [1st Dist.] 2004, no pet.) 
and B.C. v. Rhodes,
 116 S.W.3d 878, 883-84 (Tex. App.—Austin 2003, no pet.) (both applying legal and factual sufficiency standards of review) 
with
 
Thompson v. Thompson-O’Rear
, No. 06-03-00129-CV, 2004 WL 1243080, at *2 (Tex. App.—Texarkana June 8, 2004, no pet.) (mem. op.) (acknowledging that other courts apply legal and factual sufficiency standard of review, but applying abuse of discretion standard of review).  Neither party in the case at bar addresses the issue of which standard of review is applicable.  We believe sufficiency of the evidence of the protective order is more appropriately measured by legal and factual sufficiency contentions.

5:
Appellant filed in this court a “Motion to Dismiss and Reverse the Charges On Protective Order.”  This motion raises the same contentions as those contained in Appellant’s two briefs.  Because we have held the trial court did not err in granting the protective order, we deny Appellant’s motion.