COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                       NO.
02-08-487-CV

 

SHAWNA MERCER, INDIVIDUALLY                                         APPELLANT

AND AS REPRESENTATIVE OF
THE 

ESTATE OF BENNIE MERCER, 

DECEASED, AND AS NATURAL 

MOTHER AND NEXT FRIEND 

OF MELISSA MERCER, A 

MINOR
CHILD                                                                                     

 

                                                   V.

 

RICHARD SCHERIGER                                                             APPELLEE

 

                                              ------------

 

              FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Shawna Mercer attempts to appeal from
an order severing her vicarious liability claim from her main cause of action
against Appellee Richard Scheriger.  We
dismiss for want of jurisdiction.








Scheriger filed a motion to sever a claim for
vicarious liability that Mercer added to her original tort claims in trial
court cause number 30188.  The trial
court severed Mercer=s vicarious liability claim into
trial court cause number 30188-A, and AORDERED
that all discovery in the severed Cause No. 30188-A shall be, and remain,
ABATED until final adjudication of all claims in the present Cause No. 30188.@  Mercer filed a document indicating her desire
to appeal this order.  

On December 19, 2008, we notified the parties that it
appeared that this court lacked jurisdiction because there might not be a final
appealable order in cause number 30188-A. 
Our letter also informed the parties that unless they filed a response
showing grounds for continuing the appeal by Monday, December 29, 2008, this
attempted appeal would be dismissed for want of jurisdiction.  See Tex. R. App. P. 42.3(a).  Mercer filed a response on December 29, 2008,
but she failed to show grounds for continuing the appeal.








Appellate courts have jurisdiction over appeals from final
judgments and from specific types of interlocutory orders designated by the
legislature as appealable.  Lehmann v.
Har‑Con Corp., 39 S.W.3d 191, 195 (Tex. 2001);  see, e.g., Tex. Civ. Prac. & Rem.
Code Ann. ' 51.014 (Vernon Supp. 2007).  A judgment is final and appealable if it
disposes of all parties and all issues.  Lehmann,
39 S.W.3d at 195.  An order that does not
dispose of all parties and all issues in the case must be classified, for
purposes of appeal, as an unappealable interlocutory order.  Ruiz v. Ruiz, 946 S.W.2d 123, 124
(Tex. App.CEl Paso 1997, no pet.).  Without affirmative statutory authority to
hear an interlocutory appeal, this court is without jurisdiction.  Id.; see also Kiefer v. Kiefer,
132 S.W.3d 601, 602 (Tex. App.CFort Worth 2004,
no pet.)  (holding that protective order
rendered during the pendency of a divorce was not a final, appealable
order).  Where, as here, the
severance order expressly contemplates future action in the new severed cause
number and bases this future action on future events in the original cause
number, there can be no final judgment or appealable order.  See, e.g., Thompson v. Beyer, 91
S.W.3d 902, 904 (Tex. App.CDallas
2002, no pet.) (AAs a rule, a severance of an
interlocutory judgment into a severed action makes it final if all claims in
the severed action have been disposed of, unless the order of severance
indicates further proceedings are to be had in the severed action.@
(emphasis added)). 








The language of the order from which Mercer
attempts to appeal directly contemplates future action, clearly stating that
all discovery in the severed cause of action, cause number 30188-A, Ashall be
. . . ABATED until final adjudication of all claims in the present Cause
No. 30188.@ [Emphasis added.] Because the
order is not final and appealable, we must dismiss this appeal for want of
jurisdiction.[2]  See Tex. R. App. P. 42.3(a), 43.2(f). 

PER
CURIAM

 

PANEL: MCCOY, J.; CAYCE,
C.J.; and MEIER, J. 

 

DELIVERED: January 22,
2009











[1]See Tex. R. App. P. 47.4.





[2]However, this dismissal
should not be construed to prevent Mercer from later pursuing a timely appeal
from an actual final judgment in trial court cause number 30188-A.