

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-08-487-CV**

SHAWNA MERCER, INDIVIDUALLY                    APPELLANT
AND AS REPRESENTATIVE OF THE
ESTATE OF BENNIE MERCER,
DECEASED, AND AS NATURAL
MOTHER AND NEXT FRIEND
OF MELISSA MERCER, A
MINOR CHILD

V.

RICHARD SCHERIGER                              APPELLEE

------------

## FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Shawna Mercer attempts to appeal from an order severing her vicarious liability claim from her main cause of action against Appellee Richard Scheriger. We dismiss for want of jurisdiction.

---

[1] *See* Tex. R. App. P. 47.4.

Scheriger filed a motion to sever a claim for vicarious liability that Mercer added to her original tort claims in trial court cause number 30188. The trial court severed Mercer's vicarious liability claim into trial court cause number 30188-A, and "ORDERED that all discovery in the severed Cause No. 30188-A shall be, and remain, ABATED until final adjudication of all claims in the present Cause No. 30188." Mercer filed a document indicating her desire to appeal this order.

On December 19, 2008, we notified the parties that it appeared that this court lacked jurisdiction because there might not be a final appealable order in cause number 30188-A. Our letter also informed the parties that unless they filed a response showing grounds for continuing the appeal by Monday, December 29, 2008, this attempted appeal would be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Mercer filed a response on December 29, 2008, but she failed to show grounds for continuing the appeal.

Appellate courts have jurisdiction over appeals from final judgments and from specific types of interlocutory orders designated by the legislature as appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2007). A judgment is final and appealable if it disposes of all parties and all issues. *Lehmann*, 39 S.W.3d at 195. An order that does not dispose of all parties and

2

all issues in the case must be classified, for purposes of appeal, as an unappealable interlocutory order. *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no pet.). Without affirmative statutory authority to hear an interlocutory appeal, this court is without jurisdiction. *Id*.; *see also Kiefer v. Kiefer*, 132 S.W.3d 601, 602 (Tex. App.—Fort Worth 2004, no pet.) (holding that protective order rendered during the pendency of a divorce was not a final, appealable order). Where, as here, the severance order expressly contemplates future action in the new severed cause number and bases this future action on future events in the original cause number, there can be no final judgment or appealable order. *See, e.g., Thompson v. Beyer*, 91 S.W.3d 902, 904 (Tex. App.—Dallas 2002, no pet.) ("As a rule, a severance of an interlocutory judgment into a severed action makes it final if all claims in the severed action have been disposed of, *unless the order of severance indicates further proceedings are to be had in the severed action*." (emphasis added)).

The language of the order from which Mercer attempts to appeal directly contemplates future action, clearly stating that all discovery in the severed cause of action, cause number 30188-A, "*shall be . . . ABATED until final adjudication of all claims in the present Cause No. 30188*." [Emphasis added.]

3

Because the order is not final and appealable, we must dismiss this appeal for want of jurisdiction.[2]  *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and MEIER, J.

DELIVERED: January 22, 2009

---

[2] However, this dismissal should not be construed to prevent Mercer from later pursuing a timely appeal from an actual final judgment in trial court cause number 30188-A.

4