COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-060-CV

 

 

IN THE
INTEREST OF C.H. AND C.H., JR.

 

 

 

                                              ------------

 

           FROM THE 323RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Teresa A. (AMother@)
attempts to appeal from an order terminating her parental rights to her
children, C.H. and C.H., Jr.  We dismiss
for want of jurisdiction.








On March 3, 2009, we notified the parties that it
appeared that this court lacked jurisdiction because there might not be a final
appealable order in this case.  Our
letter also informed the parties that unless they filed a response showing
grounds for continuing the appeal by Friday, March 13, 2009, this attempted
appeal would be dismissed for want of jurisdiction.  See Tex. R. App. P. 42.3(a).  No response has been filed.








Appellate courts have jurisdiction only over
appeals from final judgments and from specific types of interlocutory orders
designated by the legislature as appealable. 
Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); see,
e.g., Tex. Civ. Prac. & Rem. Code Ann. ' 51.014
(Vernon 2008); see also Tex. R. Civ. P. 301 (AOnly one
final judgment shall be rendered in any cause except where it is otherwise
specially provided by law.@).  A judgment is final and appealable if it
disposes of all parties and all issues.  Lehmann,
39 S.W.3d at 195.  An order that does not
dispose of all parties and all issues in the case must be classified, for
purposes of appeal, as an interlocutory order. 
Ruiz v. Ruiz, 946 S.W.2d 123, 124 (Tex. App.CEl Paso
1997, no pet.).  Without affirmative
statutory authority to hear an interlocutory appeal, this court is without
jurisdiction.  See id.; see
also Kiefer v. Kiefer, 132 S.W.3d 601, 602 (Tex. App.CFort
Worth 2004, no pet.) (holding that protective order rendered during the
pendency of a divorce was not a final, appealable order).  Compare D.R. v. Tex. Dep=t of
Family & Protective Servs., No. 08‑07‑00355‑CV,
2008 WL 5256431, at *2B3 (Tex. App.CEl Paso
Dec. 18, 2008, no pet.) (holding that an order terminating a father=s
parental rights was not final until the order addressing additional parties and
children involved in the case was entered) with In re T.L.S., 143 S.W.3d
284, 287, 289 (Tex. App.CWaco 2004, no pet.)
(interpreting now-repealed portion of section 263.401 of the family code with
section 109.002 of the family code to conclude that an order that terminates
the parent-child relationship and appoints the State or someone else as the
child=s
managing conservator is a Afinal
order@ for
purposes of appeal).

This court=s
records reflect that the case remains pending in the trial court with regard to
the children=s father=s
parental rights and that Mother has not filed a motion to sever.  See Thompson v. Beyer, 91 S.W.3d 902,
904 (Tex. App.CDallas 2002, no pet.) (stating
that, as a general rule, severance of an interlocutory judgment into a severed
action makes it final if all claims in the severed action have been disposed
of).  Therefore, we conclude that we lack
jurisdiction over this attempted appeal, and we dismiss it.[2]  See Tex. R. App. P. 42.3(a), 43.2(f).

 

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and MEIER, J.

DELIVERED: June 4, 2009











[1]See Tex. R. App. P. 47.4.





[2]However, this dismissal
should not be construed to prevent Mother from later pursuing a timely appeal
from an actual final judgment in this case.