

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-060-CV

IN THE INTEREST OF C.H. AND C.H., JR.

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

### MEMORANDUM OPINION[1]

------------

Appellant Teresa A. ("Mother") attempts to appeal from an order terminating her parental rights to her children, C.H. and C.H., Jr. We dismiss for want of jurisdiction.

On March 3, 2009, we notified the parties that it appeared that this court lacked jurisdiction because there might not be a final appealable order in this case. Our letter also informed the parties that unless they filed a response

---

[1] *See* Tex. R. App. P. 47.4.

showing grounds for continuing the appeal by Friday, March 13, 2009, this attempted appeal would be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). No response has been filed.

Appellate courts have jurisdiction only over appeals from final judgments and from specific types of interlocutory orders designated by the legislature as appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon 2008); *see also* Tex. R. Civ. P. 301 ("Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law."). A judgment is final and appealable if it disposes of all parties and all issues. *Lehmann*, 39 S.W.3d at 195. An order that does not dispose of all parties and all issues in the case must be classified, for purposes of appeal, as an interlocutory order. *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no pet.). Without affirmative statutory authority to hear an interlocutory appeal, this court is without jurisdiction. *See id.*; *see also Kiefer v. Kiefer*, 132 S.W.3d 601, 602 (Tex. App.—Fort Worth 2004, no pet.) (holding that protective order rendered during the pendency of a divorce was not a final, appealable order). *Compare D.R. v. Tex. Dep't of Family & Protective Servs.*, No. 08-07-00355-CV, 2008 WL 5256431, at *2–3 (Tex. App.—El Paso Dec. 18, 2008, no pet.) (holding that an order terminating a father's parental rights was not final until the order

2

addressing additional parties and children involved in the case was entered) *with In re T.L.S.*, 143 S.W.3d 284, 287, 289 (Tex. App.—Waco 2004, no pet.) (interpreting now-repealed portion of section 263.401 of the family code with section 109.002 of the family code to conclude that an order that terminates the parent-child relationship and appoints the State or someone else as the child's managing conservator is a "final order" for purposes of appeal).

This court's records reflect that the case remains pending in the trial court with regard to the children's father's parental rights and that Mother has not filed a motion to sever. *See Thompson v. Beyer*, 91 S.W.3d 902, 904 (Tex. App.—Dallas 2002, no pet.) (stating that, as a general rule, severance of an interlocutory judgment into a severed action makes it final if all claims in the severed action have been disposed of). Therefore, we conclude that we lack jurisdiction over this attempted appeal, and we dismiss it.[2] *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and MEIER, J.

DELIVERED: June 4, 2009

---

[2] However, this dismissal should not be construed to prevent Mother from later pursuing a timely appeal from an actual final judgment in this case.