143 S.W.3d 284 (2004)
In the Interest of T.L.S. and R.L.P., Children.
No. 10-04-00098-CV.
Court of Appeals of Texas, Waco.
July 21, 2004.
Rehearing Overruled August 17, 2004.
*286 David K. Abbott, Waxahachie, for Appellant.
Gregory E. Welhelm, Waxahachie, Rhonda B. Rieken, Red Oak, Barbara L. Moore, Tex. Dept. of Family & Protective Services, Arlington, for Appellee.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

OPINION
BILL VANCE, Justice.
The trial court signed an "Interlocutory Final Order" terminating Trina Lashun Smith's parental rights but not adjudicating the parental rights of other parties to the proceeding. Notwithstanding the "interlocutory" label, an order which terminates the parent-child relationship and appoints the Department of Protective and Regulatory Services[1] or some other person as the child's managing conservator is a "final order" appealable under section 109.002(b) of the Family Code, regardless of whether the parental rights of other parties to the proceeding are adjudicated by the order. Because Smith's notice of appeal is untimely under section 263.405 of the Family Code and Rule of Appellate Procedure 26.1(b), we will dismiss the appeal for want of jurisdiction.

*287 INTERLOCUTORY APPEALS ARE GENERALLY PROHIBITED
No appeal may be taken from an interlocutory order unless authorized by law. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 & n. 12 (Tex.2001). An order is generally considered to be interlocutory if it does not dispose of all the parties or claims in a case. Id. Here the decree is "interlocutory" under this definition because it does not purport to adjudicate the parental rights of the father of R.L.P. or the alleged father of T.L.S. Therefore, Smith may not appeal the interlocutory termination order unless a statute permits her to do so.

THE FAMILY CODE AUTHORIZES INTERLOCUTORY APPEALS IN TERMINATION CASES FILED BY DPRS
Sections 109.002 and 263.401 of the Family Code arguably provide for an interlocutory appeal in such a case. Section 109.002(b) provides, "An appeal may be taken by any party to a suit from a final order rendered under this title." Tex. Fam.Code Ann. § 109.002(b) (Vernon 2002). Section 263.401(d) defines a "final order" in a termination suit instituted by DPRS as one that:
(1) requires that a child be returned to the child's parent;
(2) names a relative of the child or another person as the child's managing conservator;
(3) without terminating the parent-child relationship, appoints the department as the managing conservator of the child; or
(4) terminates the parent-child relationship and appoints a relative of the child, another suitable person, or the department as managing conservator of the child.
Id. § 263.401(d) (Vernon 2002).
Therefore, an order which terminates the parent-child relationship and appoints DPRS or some other person as the child's managing conservator is a "final order" appealable under section 109.002(b). See id. §§ 109.002(b), 263.401(d)(4). The appeal of such an order is accelerated. Id. §§ 109.002(a), 263.405(a) (Vernon 2002).
The January 24 termination order appears to be a "final order" (and thus appealable) because it terminates Smith's parental rights and appoints DPRS as the children's managing conservator.[2] However, the continued pendency of DPRS's claims for termination of the parental rights of the father of R.L.P. or the alleged father of T.L.S. places the appealability of the order in doubt under the "one final judgment" rule of Rule of Civil Procedure 301, which provides in pertinent part, "Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law."
As we have said, an appealable judgment traditionally is one which disposes of all parties and issues in a case. See Lehmann, 39 S.W.3d at 205. A severance is generally required to obtain appellate review of a judgment which does not dispose of all parties or issues. See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, 63 S.W.3d 795, 795 (Tex.2001) ("As a rule, the severance of an *288 interlocutory judgment into a separate cause makes it final.").
Although the general requirement of a severance subserves the "one final judgment" rule, a severance is not always required. According to our research, Texas courts have identified three types of cases which involve multiple "judgments" but for which a severance is not required: probate proceedings, receivership proceedings, and partition suits. See Crowson v. Wakeham, 897 S.W.2d 779, 783 (Tex.1995) (probate); Campbell v. Tufts, 3 S.W.3d 256, 258 (Tex.App.-Waco 1999, no pet.) (partition); Chase Manhattan Bank v. Bowles, 52 S.W.3d 871, 878 (Tex.App.-Waco 2001, no pet.) (receivership).

PROBATE PROCEEDINGS
Section 5(g) of the Probate Code provides, "All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals." Tex. Prob.Code Ann. § 5(g) (Vernon Supp.2004).[3] The Supreme Court has established the following test for determining whether a particular probate order is appealable under this statute:
If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.
Crowson, 897 S.W.2d at 783; see also Logan v. McDaniel, 21 S.W.3d 683, 688-89 (Tex.App.-Austin 2000, pet. denied) (order at issue was appealable because it "concluded a discrete phase of the guardianship proceeding").
We will apply this reasoning to termination proceedings, which also can involve multiple parties whose rights may be finally affected by separate orders and issues (e.g., conservatorship) that survive such orders. In our view, section 263.405(a) of the Family Code is an "express statute" which makes a termination decree appealable notwithstanding the presence of other parties or claims in the suit which may await resolution at a later time. Cf. Crowson, 897 S.W.2d at 783.

RECEIVERSHIP PROCEEDINGS
The Dallas Court of Civil Appeals gave the following reasons for excluding receivership proceedings from the one final judgment rule:
A receivership is not like an ordinary lawsuit in which the issues may be drawn by the pleadings as soon as discovery is complete, and then promptly tried to a final judgment, which may then be enforced by execution. It is frequently an ongoing proceeding in which the rights of various parties are determined by orders of the court from time to time, and it is not finally terminated until all of the assets in the hands of the receiver are applied to payment of claims or delivered to the parties determined by the court to be entitled. It would be intolerable for all payments and deliveries of property to the receiver and by the receiver, as ordered by the court from time to time, to remain tentative and subject to final adjudication on settling the receiver's final account. It would also be intolerable if such intermediate orders should be considered *289 conclusive and not subject to review until termination of the receivership. In this kind of proceeding, the policy behind the "one final judgment" rule does not apply.
Bergeron v. Session, 554 S.W.2d 771, 774-75 (Tex.Civ.App.-Dallas 1977, no writ); accord Huston v. FDIC, 800 S.W.2d 845, 848 (Tex.1990) ("The same standards [for appeal of an order rendered in a probate proceeding] apply to orders rendered during a receivership proceeding."); Chase Manhattan Bank, 52 S.W.3d at 878 (order denying motion to release property from receivership was appealable because it "resolve[d] a discrete issue in the receivership"); Wittner v. Scanlan, 959 S.W.2d 640, 642 (Tex.App.-Houston [1st Dist.] 1995, writ denied) (order granting only part of attorney's fees requested by administrator of estate appealable).
These observations apply with equal if not greater force to termination decrees in suits instituted by DPRS. The legislature has "fast-tracked" appeals of such decrees. See Tex. Fam.Code Ann. §§ 109.002(a), 263.405(a). In addition, the Legislature has expressly prohibited a direct or collateral challenge to such decrees "after the sixth month after the date the order was signed." Id. § 161.211(a). If the court terminates parental rights and appoints DPRS as managing conservator, the suit nevertheless is an "ongoing proceeding" in that the trial court "shall conduct a placement review hearing at least once every six months until the date the child is adopted or the child becomes an adult." Tex. Fam.Code Ann. § 263.501(b) (Vernon 2002); cf. Bergeron, 554 S.W.2d at 774.
As did the court in Bergeron, we conclude that "the policy behind the `one final judgment' rule does not apply" in termination suits instituted by DPRS. Cf. Bergeron, 554 S.W.2d at 775.

PARTITION SUITS
As stated, a partition suit also leads to multiple appealable judgments. However, a partition suit cannot be characterized as an "ongoing proceeding" in the same manner as probate and receivership proceedings (and as we hold today, termination proceedings) are. Cf. Wittner, 959 S.W.2d at 642; Bergeron, 554 S.W.2d at 775. Rather, a partition suit results in two discrete, appealable judgments. See Campbell, 3 S.W.3d at 258. Accordingly, the common law regarding partition suits bears little if any applicability to the present suit beyond recognizing that not every legal proceeding is subject to the one final judgment rule.

SUMMARY
For the foregoing reasons, we hold that a "final order" as defined by section 263.401(d) is appealable regardless of whether the order adjudicates the rights of all parties to the proceeding or all pending claims. The January 24 "interlocutory final order" constitutes a "final order" under section 263.401(d)(4) and is thus an appealable decree.

SMITH'S APPEAL IS UNTIMELY
The appeal of a termination order is accelerated by statute. Tex. Fam.Code Ann. §§ 109.002(a), 263.405(a). Thus, Smith's notice of appeal was due twenty days after the signing of the order. Tex.R.App. P. 26.1(b). However, Smith filed her notice of appeal eighty-six days after the signing of the order. Smith's motion for new trial did not alter the deadline for the filing of her notice of appeal. See Tex. Fam.Code Ann. § 263.405(c) (Vernon 2002); Tex.R.App. P. 28.1.
Nevertheless, an appellant may request an extension of time to file a notice of appeal by filing a motion for an extension *290 within fifteen days after the notice of appeal is due. Tex.R.App. P. 26.3. Smith has filed a motion for extension of time to file the notice of appeal, but she did so ninety-one days after the notice of appeal was due. Thus, her extension request is also untimely, and we deny it.
The Clerk of this Court notified the parties that the notice of appeal is untimely and that the appeal would be dismissed for want of jurisdiction if a response showing grounds for continuing the appeal was not filed within ten days. Smith filed her extension motion and a supplemental response asking this Court to retain her appeal on its docket because: (1) counsel was unaware of the 2001 amendments making these appeals accelerated; (2) the appellate rules "should be construed reasonabl[y] and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of the rule"; and (3) counsel's failure to timely file the notice of appeal constitutes a denial of effective assistance of counsel.
While the Court is sympathetic to Smith's plight, none of these contentions states a valid, legal basis for this Court to exercise jurisdiction. Accordingly, the appeal is dismissed for want of jurisdiction.[4]See id. 42.3(a).
Chief Justice GRAY dissents without separate opinion.
NOTES
[1] The Family Code refers to the "Department" as the "Department of Protective and Regulatory Services." See Tex. Fam.Code Ann. § 263.001(a)(1) (Vernon 2002). However, the Human Resources Code refers to the "Department of Family and Protective Services" yet defines the "Department" as the "Department of Protective and Regulatory Services." See Tex. Hum. Res.Code Ann. §§ 40.001(3), 40.002(a) (Vernon Supp.2004). We continue to refer to this agency as the Department of Protective and Regulatory Services ("DPRS").
[2] In actuality, the order does not designate DPRS as managing conservator. Rather, it approves the parties'"settlement" agreement. This agreement is reflected by the affidavit relinquishing parental rights signed by Smith, in which Smith designates DPRS as managing conservator of the children. See Compania Financiara Libano, S.A. v. Simmons, 53 S.W.3d 365, 367-68 (Tex.2001) (per curiam) ("Settlement terms need not be incorporated into a judgment....").
[3] Section 5(g) of the Probate Code is similar to section 109.002(b) of the Family Code which reads, "An appeal may be taken by any party to a suit from a final order rendered under this title." Tex. Fam.Code Ann. § 109.002(b) (Vernon 2002).
[4] Smith is not necessarily without a remedy. Section 161.211(a) provides a 6-month window within which a person whose parental rights have been terminated can bring a direct or collateral attack against a termination decree. Tex. Fam.Code Ann. § 161.211(a) (Vernon 2002). After the time for perfecting an appeal has passed, a party may challenge a judgment by an equitable bill of review proceeding. E.g., King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751-52 (Tex.2003).