Opinion filed November 30, 2006 
















 
 
  
 
 







 
 
  
 
 




Opinion filed November 30, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00321-CV 

                                                    __________

 

                              IN THE INTEREST OF C.C.R., A CHILD



 

                                         On
Appeal from the 326th District Court

 

                                                          Taylor
County, Texas

 

                                                Trial
Court Cause No. 06007-CX

 



 

                                              M
E M O R A N D U M   O P I N I O N

This is
an appeal from the trial court=s orders terminating Christopher Clarence
Rhynes=s parental rights and allowing the maternal
grandparents to adopt the child.  We
dismiss the appeal.

Less than a month after the death of the child=s mother, R. J. and Laretha Anderson
Bryan filed a petition seeking the termination of Rhynes=s
parental rights and the adoption of the child. 
The child and his mother had lived with the Bryans for the year and a half before the
mother=s
death.  During this time, Rhynes began
serving a sentence of eighteen years and six months for manslaughter.








On July 27, 2005, the trial court signed the
orders terminating Rhynes=s
parental rights and allowing the Bryans= adoption of the child.  Pursuant to Tex. Fam. Code Ann. '
109.002 (Vernon 2002), this is an accelerated appeal, and the provisions of Tex. R. App. P. 26.1(b) apply.  Therefore, Rhynes=s
notice of appeal was due to be filed on or before August 16, 2005, twenty days
after the orders were signed.  In order
to extend the time for perfecting an appeal, the notice of appeal and a motion
were due to be filed on or before August 31, 2005.  Tex.
R. App. P. 26.3.  While Rhynes
filed a motion for new trial, Rule 26.1(b) does not provide that the timely
filing of a motion for new trial extends the time for perfecting an accelerated
appeal.  Rhynes filed his notice of
appeal on September 23, 2005, fifty-eight days after the orders were signed.

The Bryans
argue that Rhynes failed to invoke the jurisdiction of this court by failing to
timely perfect this appeal.  We
agree.  In re T.L.S., 143 S.W.3d
284, 290 (Tex.
App.CWaco
2004, no pet.).

The appeal is dismissed for want of jurisdiction.

 

PER CURIAM

 

November 30, 2006

Panel
consists of:  McCall, J.,

Strange,
J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.