COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

D. R.,                                          §

            Appellant,         §

                            No. 08-07-00355-CV

v.                                             §

                            Appeal from the

                            65th Judicial District Court

TEXAS DEPARTMENT OF FAMILY
AND PROTECTIVE SERVICES,          §     of El Paso County, Texas

                            (TC# 2006CM4085)

            Appellee.          §

## O P I N I O N

This appeal arises from an order terminating Appellant's parental rights to three children. Appellant D. R., raises two issues on appeal. In Issue One, he challenges the trial court's finding that the appeal is frivolous pursuant to TEX.FAM.CODE ANN. § 263.405(d)(3). In Issue Two, D. R. contends that Section 263.405 violates his constitutional right to due process. We reverse.

D. R. is the biological father of minor children, D.J.R., E.N.R., and A.D.R. On September 24, 2007, the trial court entered an "Interlocutory Order of Termination" following a jury trial. The order states that by clear and convincing evidence termination of the father's parental rights is in the best interests of the children. The order further states that D. R. committed one or both of the following grounds for termination: (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child. According to the order, D. R. was incarcerated at the time the judgment was

entered. The Department of Family and Protective Services was appointed as managing conservator for all three children.

On November 14, 2007, the trial court entered an "Order of Termination" addressing additional parties and children involved in the case and another father is being delt with here. The November 14 order states:

> Not appearing was [D. R.], against whom an interlocutory decree of termination was rendered by this Court. That interlocutory decree of termination is a final judgment for appellate purposes upon signing of this order. The clerk is directed to send out the required notice of final judgment to the last known address of [D. R.].

On November 27, 2007, D. R.'s appointed counsel filed a "Statement of Points to be Presented on Appeal, with Objection, Motion for Extension of Time, and Memorandum of Law" pursuant to Section 263.405(b) of the Texas Family Code. In this document, D. R. objected to the constitutionality of Section 263.405(b), (d), and (i), as a violation of his right to due process to the extent the provisions: (1) reserve the determination that an appeal is frivolous to the trial court, rather than the court of appeals; (2) prohibit review of the record on appeal, or impose unreasonable deadlines to do so, prior to the submission of appellate points to the trial court; and (3) conflict with the general rules of appellate procedure.

D. R. also presented the following non-constitutional points he anticipated presenting on appeal: (1) denial of a motion for continuance; (2) denial of a motion to withdraw by trial counsel; (3) "[t]he trial court's admission into evidence [D. R.'s] video statement, or 'confession' after it was originally excluded from evidence [as] the statement was not freely and voluntarily made and does not constitute competent or credible evidence;" (4) admission of unqualified and unreliable expert testimony by a medical examiner, including the admission of unsubstantiated

-2-

medical records; (5) admission of hearsay testimony; (6) legally insufficient evidence to support the termination grounds stated in the interlocutory order; and (7) "[a]s outlined above, the Family Code provisions that require a pre-appeal 'vetting' of the appellate issues in the trial court." D. R. also filed an amended notice of appeal regarding the termination on the same day he filed his appellate points in the trial court.[1]

On December 10, 2007, the parties appeared in the trial court pursuant to Texas Family Code sec. 263.405(d)(3), for determination whether D. R.'s appeal was frivolous. At the hearing's close, the trial court ruled in the affirmative. D. R. filed a notice of appeal from the trial court's frivolousness ruling three days later. On December 19, 2007, the trial court entered a written order reflecting its decision at the hearing.

As a preliminary matter, the Department contends that we are precluded from considering any issued raised by D. R. because he did not timely file his statement of points on appeal. We understand the Department to argue, at least in part, that the appeal is frivolous because D. R. did not preserve his issues for review by complying with Section 263.405(b) of the Family Code. That section provides:

> (b)     Not later than the 15th day after the date a final order is signed by the trial judge, a party intending to appeal the order must file with the trial court a statement of the point or points on which the party intends to appeal. The statement may be combined with a motion for a new trial.

Acts 2001, 77th Leg., R.S., ch. 1090, § 9, 2001 TEX.GEN.LAWS 2395, 2397-98 (current version

---

[1] D. R.'s first Notice of Appeal regarding the termination was filed on August 29, 2007, one week after the jury trial. The trial court entered its interlocutory order nearly a month later.

found at TEX.FAM.CODE ANN. § 263.405(b)(Vernon Supp 2008)).[2]

Under Section 263.405(i) and appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points in which the party intends to appeal or in a statement combined with a motion for new trial. Acts 2005, 79th Leg., R.S., ch. 176, § 1, 2005 TEX.GEN.LAWS 332 (current version found at TEX.FAM.CODE ANN. § 263.405(i)(Vernon Supp. 2008)).

Citing Section 263.401(d) and *In re T.L.S.*, 143 S.W.3d 284, 287 (Tex.App.--Waco 2004, no pet.), the Department argues that the Interlocutory Order of Termination, entered September 24, 2007, was a final order with respect to D. R., and therefore, his statement of points was due to be filed no later than October 9, 2007. The Department concludes that because D. R. did not file his statement of points until November 27, 2007, this Court cannot address any of D. R.'s issues.

Family Code Section 109.002(b) provides that "[a]n appeal may be taken by any party to a suit from a final order rendered under this title." TEX.FAM.CODE ANN. § 109.002(b)(Vernon 2002). An order is generally considered to be interlocutory if it does not dispose of all the parties or claims in a case. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 & n.12 (Tex. 2001). It is undisputed that the termination order rendered on September 24, 2007 did not dispose of all the parties, and therefore, would be considered an interlocutory order under the general rule. The Department contends that the order terminating D. R.'s parental rights is a final and appealable

---

[2] The Legislature amended Section 263.405 in 2007. The new version applied only to a suit affecting the parent-child relationship filed on or after the effective date of the Act, June 15, 2007. The petition in this case was filed June 20, 2006. Accordingly, we will apply the 2005 version of Section 263.405 to this appeal. All references to Section 263.405 refer to this prior version of the statue unless noted otherwise.

order by virtue of Section 263.401(d), and therefore, the appellate timetable began to run on September 25, 2007.

Section 263.401 pertains to the dismissal of a suit affecting the parent-child relationship filed by the Department of Family and Regulatory Services. Subsection (a) requires the trial court to dismiss a suit filed by the department if the suit has been pending for one year and the court has not rendered a final order, or granted an extension under subsection (b). *See* TEX.FAM.CODE ANN. § 263.401(a)(Vernon Supp. 2008). The former version of Section 263.401(d) provided:

> (d)  For purposes of this section, a final order is an order that:
>
>> (1)  requires that a child be returned to the child's parent;
>>
>> (2)  names a relative of the child or another person as the child's managing conservator;
>>
>> (3)  without terminating the parent-child relationship, appoints the department as the managing conservator of the child; or
>>
>> (4)  terminates the parent-child relationship and appoints a relative of the child, another suitable person, or the department as managing conservator of the child.

Acts 1997, 75th Leg., R.S., ch. 1022, § 90, 1997 TEX.GEN.LAWS 3733, 3768-69.[3]

Under similar facts, the Waco Court of Appeals utilized the definition of "final order" found in Section 263.401(d) and determined that an order which terminated the parental rights of one parent and appointed the Department the child's managing conservator was a final order for

---

[3] The Legislature repealed Section 263.401(d) in 2007. Acts 2007, 80th Leg., R.S., ch. 866 § 5, 2007 TEX.GEN.LAWS 1837, 1838. Because this suit was filed prior to the effective date of the amendment, June 20, 2006, the former version of Section 263.401 applied to this appeal. Acts 2007, 80th Leg., R.S., ch. 866, § 6, 2007 TEX.GEN.LAWS 1837, 1838.

purposes of calculating the appellate timetable despite the order's failure to adjudicate the rights of all parties to the proceeding, or all pending claims. *In re T.L.S.*, 143 S.W.3d at 287-89. The court of appeals dismissed the appeal because the parent had not filed her notice of appeal within twenty days after the "final order" was signed. *Id*. at 290. We decline to follow this decision because the court failed to consider that Section 263.401(d) begins with the phrase "For purposes of this section . . . ." The plain meaning if this introductory phrase is to limit the application of the definition to Section 263.401. If the Legislature had intended for Section 263.401(d)'s definition of "final order" to apply elsewhere, including to Section 263.405, it would not have limited its application to Section 263.401.

The trial court entered the final termination order in this case on November 14, 2007. D. R. filed his statement of points thirteen days later on November 27, 2007. The statement of points was filed within the fifteen day deadline, and was therefore timely.

We now turn to D. R.'s first issue in which he challenges the trial court's finding that his appeal is frivolous. Section 263.405(d)(3) directs the trial court to determine whether the appeal is frivolous as provided by Section 13.003(b) of the Civil Practice and Remedies Code. Under that section, in determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review. TEX.CIV.PRAC.&REM.CODE ANN. § 13.003(b)(Vernon 2002). An appeal is frivolous when it lacks an arguable basis in law or in fact. *In re M.N.V.*, 216 S.W.3d 833, 834 (Tex.App.--San Antonio 2006, no pet.), *citing De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex.App.--San Antonio 1998, no pet.). We review a trial court's finding of frivolousness for an abuse of discretion. *In re M.N.V.*, 216 S.W.3d at 834; *In re K.D.*, 202 S.W.3d 860, 866 (Tex.App.--Fort Worth 2006, no pet.); *In re*

*H.D.H.*, 127 S.W.3d 921, 923 (Tex.App.--Beaumont 2004, no pet.).

In his statement of points, D. R. raises a challenge to the constitutionality of Section 263.405. Given that one court of appeals has held that Section 263.405(i) is unconstitutional because it violates the Separation of Powers clause of the Texas Constitution, we conclude that D. R.'s constitutional challenges have an arguable basis in law. *See In re D.W.*, 249 S.W.3d 625, 645 (Tex.App.--Fort Worth), *pet. denied*, 260 S.W.3d 462 (Tex. 2008).[4] For this reason alone, we conclude that the trial court abused its discretion by concluding that D. R.'s appeal is frivolous. We believe Appellant's other constitutional arguments raise substantial questions which should be reviewed on the merits by an appellate court. After reviewing both parties' briefs, D. R.'s statement of points on appeal, the clerk's record, and the reporter's record from the Section 263.405(d) hearing, we find that the appeal is not frivolous. Issue One is sustained. Given the disposition of Issue One, there is no need to address the merits of Issue Two at this time. We therefore reverse the trial court's order finding the appeal frivolous, and order that the appeal proceed on the merits.


December 18, 2008      DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., Not Participating

---

[4] We recognize that in denying the petition in *In re D.W.*, the Texas Supreme Court expressed no opinion on the constitutionality of Section 263.405(i). *See In re D.W.*, 260 S.W.3d at 462. The issue of Section 263.405's constitutionality therefore remains unsettled.