COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-09-00295-CV |
| § | Appeal from the |
| § | 65th District Court |
| IN THE INTEREST OF J.L.W., A CHILD. § | of El Paso County, Texas |
| § | (TC# 2008CM2868) |
| § | |

**O P I N I O N**

In two issues, Appellant, "Benny," challenges the trial court's determination that his points of appeal are frivolous as they relate to the termination of his rights as an alleged parent. We affirm.

**BACKGROUND**

Benny was served in a suit filed by the Texas Department of Family and Protective Services (the Department) to terminate his rights as the alleged father of J.L.W. In an undated letter filed with the court's clerk on November 5, 2008, Benny requested a paternity test. The following day, the Department filed a Certificate of Paternity Registry Search, noting that no one had registered as J.L.W.'s possible father. Benny thereafter signed a service review plan which identified several tasks Benny was to perform, including the task of maintaining weekly contact with the Department.

The trial court ordered Benny to submit to a paternity test. However, on March 13, 2009, approximately eleven days before he was to undergo paternity testing, Benny moved from El Paso to San Antonio. Benny did not inform the Department that he had moved until several weeks later and did not provide the Department with his San Antonio address. Benny thereafter filed both a motion for genetic testing and a motion to extend the statutory dismissal deadline to permit genetic

testing to occur. The trial court retained the suit on its docket, directed Benny to submit to paternity testing per his request, and set the case for final hearing on October 20, 2009.

Prior to the final hearing, the Department filed multiple reports with the trial court, in which the Department repeatedly noted that Benny had not contacted the Department since March 2009, that its efforts to contact Benny to arrange services for him in San Antonio had been unsuccessful, and that Benny had not returned the Department's phone calls or messages. Both the guardian ad litem for J.L.W. and the Department noted their respective concerns that Benny was not showing any interest in having J.L.W. in his life and that Benny had failed to demonstrate "much willingness" to care for J.L.W. or to be protective of his needs.

Benny never admitted paternity and never filed a counterclaim for paternity. Benny failed to submit to the court-ordered paternity testing that he had requested and failed to appear at the final hearing on the termination of his rights as an alleged parent. At the final hearing, Benny's attorney, Mr. Lara, orally requested a continuance on due process grounds because he was uncertain that Benny had been provided notice of the hearing. Mr. Lara informed the trial court that "the caseworker, CASA, and several other parties," including members of Mr. Lara's own office, had made no less than 15 attempts to locate Benny by calling him on two cell phones, by calling a work number, and by calling the girlfriend with whom he was believed to be living. All of these attempts to locate Benny were unsuccessful. Mr. Lara also asked the trial court to take judicial notice of Benny's request for a six-month extension to allow Benny to undergo paternity testing and noted that the testing had not been completed. Mr. Lara argued that even though a case worker had allegedly spoken with Benny recently and indicated that Benny would be contacting Mr. Lara, he could not be certain that Benny was aware of the hearing. The trial court asked if Benny had not been notified of the final hearing through the court's previous orders, previous communications with Mr. Lara,

during discussions regarding genetic testing, to which Mr. Lara replied, "I specifically left a message[,] when the final was set[,] that he needed to call me before this date." Mr. Lara again urged the trial court to continue the case to permit Benny to "be present and announce" regarding his parental rights. Noting that the Department's efforts in trying to make sure all parties had timely notice to prepare and present their cases had "gone over and beyond the required notice requirements," the trial court found that the notice requirements had been met and additionally found that due process for all parties had been protected. Having made those findings, the trial court denied Benny's motion for continuance to which Mr. Lara objected.

The Department, in addition to reciting the facts and concerns expressed in the reports it filed with the trial court, made a proffer of evidence that its caseworker would testify that she attempted to contact Benny on twenty-seven different dates from April 2, 2009, to September 28, 2009. According to the Department, on September 30, 2009, a caseworker spoke with Benny who, when asked if he wanted to participate in the case, proceed with paternity testing, and be a part of his son's life, remained silent and did not answer those questions. The Department proffered that the caseworker advised Benny of the final hearing, that Benny indicated that he understood, and that she then told Benny that he needed to contact his attorney and provided him with Mr. Lara's information. Because Benny had failed to take advantage of the opportunity to submit to the paternity testing which the trial court had granted upon his request, and because Benny remained an alleged father, the Department requested that the trial court terminate Benny's rights as an alleged father based upon his failure to register with the paternity registry. The allegation that Benny failed to register with the paternity registry was uncontroverted. The Department then proffered evidence that the caseworker would testify that termination of Benny's alleged parental rights would be in J.L.W.'s best interest. The trial court heard testimony from the guardian ad litem who noted that the proffer of evidence

was sufficient to meet the elements for termination and stated that it was in J.L.W.'s best interest to remain with his foster parents. The CASA representative, too, agreed that termination of Benny's rights was proper, and that the best outcome for J.L.W. would be adoption by his foster family. The trial court found that the Department had shown by clear and convincing evidence that Benny, after having either waived process or being served with citation in the suit, failed to timely file an admission of paternity or a counterclaim for paternity, "or by voluntary paternity to be adjudicated under Chapter 160 of the Texas Family Code before the final hearing in this suit." The trial court also made a finding that "the evidence is clear and convincing that the termination of the parent/child relationship between this alleged father and the child . . . is in that child's best interest . . . ."

On October 20, 2009, Associate Judge Oscar G. Gabaldon signed and entered the court's order terminating the parent-child relationship between Benny and J.L.W. and found by clear and convincing evidence that: (1) Benny waived service and failed to respond by timely filing an admission of paternity or a counterclaim for paternity or for voluntary paternity to be adjudicated before the final hearing; and (2) termination of the parent-child relationship between the alleged father and J.L.W. is in the best interest of J.L.W. The trial court then terminated "the parent-child relationship, if any exists or could exist, between [Benny] and [J.L.W.] . . . ." Two days later, the judge of the referring court adopted Associate Judge Gabaldon's order of termination.

Thirteen days after the referring trial court signed its order adopting the associate judge's termination order, Benny filed a motion for new trial. In his motion for new trial, Benny stated that he was not aware of the final hearing date, was not able to return from San Antonio, that his "non-attendance" was due to trepidation and insecurity rather than indifference, and that he desired to comply with the trial court's order directing him to submit to paternity testing. Benny thereafter identified the following grounds for appeal: (1) "his due process rights were violated in determining

if his parental rights were properly terminated based on the evidence presented;" (2) the trial court denied counsel's request for continuance; (3) a proper paternity search was not performed to give adequate grounds for termination; and (4) sufficiency of the evidence. Benny asked that the paternity-testing order be enforced and that findings of fact and conclusions of law be issued. Benny filed his notice of appeal the following day.

On November 19, 2009, Associate Judge Oscar Gabaldon conducted a telephonic hearing at which Benny's attorney, Mr. Lara, challenged the constitutionality of Section 263.405 of the Texas Family Code, called Benny to testify telephonically regarding his indigence for purposes of his appeal, and addressed his points of appeal. During the indigency portion of the hearing, the Department's attorney, Mr. Deck, asked Benny when he had moved back to El Paso. Benny stated that he moved back to El Paso on October 24, 2009, because he was trying to come back for the last court hearing but "wasn't financially ready to come back to El Paso." When the Department requested that it be permitted to examine Benny regarding the points of appeal, specifically to determine whether Benny was aware of the final trial date, Mr. Lara objected, noting that the proceedings were limited to determining Benny's indigence and the frivolousness of his points of appeal, and stated that whether Benny knew about the final hearing was not one of the points of appeal. The trial court restricted the Department's examination to indigence and the frivolousness of Benny's points of appeal.

Upon considering the arguments and comments of Mr. Lara, Mr. Deck for the Department, and Mr. Gonzalez, attorney ad litem for J.L.W., the trial court determined that each of Benny's points of appeal were frivolous. Mr. Lara requested the trial court to reconsider Benny's first point of appeal relating to proceeding to trial without Benny's presence. The trial court denied the request stating, "The Court believes due process, and all the procedural requirements were properly tended

to in proceeding without his presence, in light of the circumstances as they existed at the time." The trial court also denied Mr. Lara's request to reconsider the other points of appeal.

## DISCUSSION

### *Jurisdiction*

Before proceeding to the merits of the case, we first address the Department's assertion that Benny has failed to timely file his motion for new trial and points of error, thereby depriving us of jurisdiction to consider his appeal. A party who intends to request a new trial or appeal the order must file not later than the 15th day after the date a final order is signed by the trial judge: (1) a request for new trial; or (2) if an appeal is sought, a statement of the points on which the party intends to appeal. TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2008). Except as otherwise provided, the date on which an order or judgment by a referring court is signed is the controlling date for appealing to or requesting other relief from a court of appeals or the supreme court. TEX. FAM. CODE ANN. § 201.016 (Vernon 2008). In this instance, the referring court adopted the associate judge's order on October 22, 2009. Because Benny filed his motion for new trial and points of error on November 4, 2009, thirteen days after the trial court adopted the associate judge's order of termination, we find that his motion for new trial and the points of appeal set forth therein are timely filed. TEX. FAM. CODE ANN. §§ 201.016, 263.405(b)(Vernon 2008); *D.R. v. Tex. Dept. of Family and Protective Servs.*, 281 S.W.3d 598, 602 (Tex. App. – El Paso 2008, no pet.) (statement of points filed thirteen days after trial court entered final order of termination was timely).

### *Merits*

We now turn to Benny's issues, namely, whether the trial court erred in finding his points of appeal to be frivolous.

### *Standard of Review*

A party wishing to appeal a final order terminating parental rights must file points of appeal with the trial court, which must then hold a hearing and determine whether the appeal is frivolous as set forth in Section 13.003(b) of the Civil Practices and Remedies Code. TEX. FAM. CODE ANN. §§ 263.405(b), (b-1), (d)(3); TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (Vernon 2002). In making its determination regarding whether an appeal is frivolous, "a judge may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b); *D.R.*, 281 S.W.3d at 602.

Before considering the substantive merits of an appeal from an order terminating parental rights in which the trial court found the point or points of error to be frivolous, we must first consider whether the trial court properly found the appeal to be frivolous. *In re A.B.*, 269 S.W.3d 120, 124 (Tex. App. – El Paso 2008, no pet.). An appeal which lacks an arguable basis in law or in fact is frivolous. *D.R.*, 281 S.W.3d at 602. When reviewing a trial court's finding that a party's point of appeal of a final order is frivolous, we utilize an abuse-of-discretion standard. *In re A.B.*, 269 S.W.3d at 124. The test for determining whether an abuse of discretion has occurred is, did the court act contrary to the guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Green v. Texas Dept. of Protective and Regulatory Servs.*, 25 S.W.3d 213, 218 (Tex. App. – El Paso 2000, no pet.). That is, we consider whether the trial court's action was arbitrary or unreasonable. *Downer*, 701 S.W.2d at 242; *Green*, 25 S.W.3d at 218.

### Issue One

In his first issue, Benny complains that "the trial court erred in finding as frivolous [his] point of error that his alleged parental rights were improperly terminated because the Department failed to follow due process." In this regard, Benny complains of the trial court's denial of his oral motion

for continuance. No written motion for continuance was filed with the trial court nor was the motion verified or supported by affidavit.

To preserve a complaint for our review, the record must show that the complaint was presented to the trial court by a timely motion, request, or objection in compliance with Rule 33.1(a). TEX. R. APP. P. 33.1(a). Constitutional issues must also be properly raised in the trial court or they are waived on appeal. *Holcombe v. Reeves County Appraisal District*, 310 S.W.3d 86, 90 (Tex. App. – El Paso 2010, no pet.). Rule 251 requires a party seeking a continuance to show sufficient cause by affidavit, consent of the parties, or operation of law as support for his motion. TEX. R. CIV. P. 251. The motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit. *Serrano v. Ryan's Crossing Apts.*, 241 S.W.3d 560, 564 (Tex. App. – El Paso 2007, pet. denied). If a motion for continuance is not verified or supported by affidavit, we presume the trial court did not abuse its discretion in denying the motion. *Serrano*, 241 S.W.3d at 564.

In this instance, the record is void of a written motion, verification, or affidavit in support thereof. Because Benny failed to properly present to the trial court his motion for continuance based upon due process grounds, he failed to preserve his complaint for appellate review. *See In the Interest of S.H.*, No. 2-05-174-CV, 2006 WL 59354, at *2 (Tex. App. – Fort Worth January 12, 2006, no pet.) (mem. op.) (oral motion for continuance made at final termination hearing did not comply with Rule 251 and failed to preserve complaint for review), *citing Taherzadeh v. Ghaleh-Assadi*, 108 S.W.3d 927, 928 (Tex. App. – Dallas 2003, pet. denied) (oral motion for continuance without supporting affidavit did not comply with rules of procedure and failed to preserve complaint for appellate review). Therefore, we presume that the trial court did not abuse its discretion in denying the oral motion for continuance. TEX. R. APP. P. 33.1(a); TEX. R. CIV. P. 251; *Holcombe*,

310 S.W.3d at 90; *Serrano*, 241 S.W.3d at 564.

As the trial court did not abuse its discretion in denying Benny's oral motion for continuance, Benny has failed to present a substantial question for appellate review. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b); *D.R.*, 281 S.W.3d at 602. Consequently, we find that the trial court neither erred nor abused its discretion in finding this point of appeal to be frivolous. *In re A.B.*, 269 S.W.3d at 124; *Downer*, 701 S.W.2d at 241-42; *Green*, 25 S.W.3d at 218. Issue One is overruled.

*Issue Two*

In his second issue, Benny complains that the trial court erroneously determined that his point of error challenging the legal and factual sufficiency of the evidence to support termination of his alleged parental rights was frivolous. We disagree.

Except as otherwise provided in the Texas Family Code, the procedural and substantive standards for termination of parental rights also apply to the termination of an alleged father's rights. TEX. FAM. CODE ANN. § 161.002(a) (Vernon 2008). However, an alleged father's rights may be terminated if, after being served with citation, he does not respond by timely filing an admission of paternity or a counterclaim for paternity under Chapter 160. TEX. FAM. CODE ANN. § 161.002(b)(1) (Vernon 2008). Where an alleged father admits or otherwise claims paternity, section 161.002(a) permits him to fend off summary termination of his rights and requires the Department to satisfy the high burden of proof of clear and convincing evidence necessary for the termination of parental rights as referenced in section 161.001. TEX. FAM. CODE ANN. §§ 161.001, 161.002(b)(1) (Vernon 2008); *Toliver v. Texas Dept. of Family and Protective Svcs.*, 217 S.W.3d 85, 104 (Tex. App. – Houston [1st Dist.] 2006, no pet.); *Phillips v. Tex. Dep't of Protective & Regulatory Servs.*, 25 S.W.3d 348, 357 (Tex. App. – Austin 2000, no pet.). If an alleged father fails to file an admission or counterclaim for paternity, section 161.002(b) permits the trial court to summarily terminate his

alleged parental rights. TEX. FAM. CODE ANN. § 161.002(b)(1) (Vernon 2008); *see Phillips*, 25 S.W.3d at 357.

In its order of termination, the trial court expressly found "by clear and convincing evidence that, after being served with citation in this suit, [Benny] . . . did not respond to citation in this suit by timely filing an admission of paternity or by filing a counterclaim for paternity or for voluntary paternity to be adjudicated under chapter 160 of the Texas Family Code before the final hearing in this suit." The record shows that Benny was served with citation and although he expressed a willingness to undergo genetic testing, and despite both the trial court's order that testing be performed and the Department's attempts to assist Benny in being tested, Benny never submitted to testing, never admitted his paternity, and never filed a counterclaim for paternity. Benny did not attack the trial court's finding under section 161.002(b)(1) that he had not timely admitted paternity nor did he summarize for the court any evidence that was missing or insufficient to support those findings. TEX. FAM. CODE ANN. § 161.002(b)(1) (Vernon 2008). Therefore, the trial court was statutorily authorized to terminate Benny's rights as an alleged father without requiring the Department to meet the clear and convincing burden of proof found in section 161.001. TEX. FAM. CODE ANN. §§ 161.001, 161.002(b)(1) (Vernon 2008); *see Phillips*, 25 S.W.3d at 357. Consequently, because this point of appeal lacks an arguable basis in law or in fact, we find that the trial court did not err in determining it to be frivolous. *D.R.*, 281 S.W.3d at 602. Issue Two is overruled.

## CONCLUSION

Having overruled Issues One and Two, we affirm the trial court's judgment.

GUADALUPE RIVERA, Justice

December 29, 2010

Before Chew, C.J., McClure, and Rivera, JJ.