In the Interest of J.S., a Child.

No. 01–11–00062–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 2, 2011.

Joe Falco III, Navasota, for Appellant.

John F. DeMille, Houston, Jon C. Fultz, Navasota, Luisa P. Marrero, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and MASSENGALE.

## ORDER

MICHAEL MASSENGALE, Justice.

This is an accelerated appeal from the trial court's order terminating the parental rights of a mother, appellant P.J.S., with respect to her child, J.S. The mother timely filed a statement of appellate points, a claim of indigence, a request for the appointment of appellate counsel, and the provision of the court reporter's record of the termination trial without cost. The trial court timely held a hearing to determine whether the mother's claim of indigence should be sustained and whether the appeal is frivolous. *See* TEX. FAM.CODE ANN. § 263.405(b), (e) (West 2008). The court then entered a written order finding the mother to be indigent and her appeal to be frivolous. For the reasons described in this order, we reverse the trial court's frivolousness finding and order the preparation and filing of the court reporter's record of the termination trial without cost to the mother, to be followed by the filing of new briefs on the merits of the mother's appeal. *See id.* § 263.405(g).

## Background

The Department of Family and Protective Services filed a petition to terminate the mother's parental rights. The mother was represented by court-appointed counsel, and after a bench trial the trial court signed an order terminating the mother's parental rights for the following reasons:

6.1 The Court finds by clear and convincing evidence that termination of the parent-child relationship between [the mother] and the child the subject of this suit is in the child's best interest.

6.2 Further, the Court finds by clear and convincing evidence that [the mother] has:

6.2.1. knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

6.2.2. engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;

6.2.3. constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months and: (1) the Department or authorized agency has made reasonable efforts to return the child to the mother; (2) the mother has not regularly visited or maintained significant contact with the child; and (3) the mother has demonstrated an inability to provide the child with a safe environment;

6.2.4. failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the

return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

The mother timely filed a statement of points on appeal, challenging the legal and factual sufficiency of the evidence to support each of the findings in the trial court's termination order. She also filed a claim of indigence and requested that appellate counsel be appointed and that a reporter's record of the bench trial be provided without cost to her. She did not, however, file a motion for new trial.

The trial court conducted a hearing and determined that the mother is indigent but that her appellate points are frivolous. In announcing its frivolousness finding, the trial court stated that its decree terminating the mother's parental rights was based on the court's credibility determinations made at trial. The transcript of the frivolousness hearing, however, contains scant reference to the testimony or to other evidence presented at trial. Instead, the majority of the short transcript contains the legal arguments of counsel.

After the frivolousness hearing, the trial court entered findings of fact and conclusions of law with respect to the child's best interest and with respect to each ground for termination of the mother's parental rights. The findings of fact and conclusions of law, however, are the trial court's ultimate findings and conclusions; they do not indicate what testimony or other evidence the trial court considered at trial.

The mother has appealed the trial court's frivolousness finding and asked that she be provided with a complete appellate record to facilitate her appeal.

## Analysis

### I. Statutory framework

Chapter 263, subchapter E of the Texas Family Code contains unique provisions for indigent litigants. Unlike most other civil appeals, an indigent parent who wishes to appeal from a termination decree is entitled, upon request, to be provided a lawyer for the appeal. TEX. FAM.CODE ANN. § 263.405(e). "If a party claims indigency and requests the appointment of an attorney," the statute instructs that the trial court shall require the parent to file an affidavit of indigence, that the trial court shall hear evidence to determine indigence, and that counsel is to be appointed unless the claim of indigence has been denied or the person has been required to pay partial costs before the 36th day after the date the final order being appealed was signed. *Id.* § 263.405(d)(2), (e). The hearing and written order on indigence are not required unless there has been a claim of indigence. *Id.* § 263.405(e).

As with other civil appeals, an indigent parent pursuing a nonfrivolous appeal from a termination decree rendered under Subchapter E is entitled to a free transcript. *See* TEX.R.APP. P. 20.1(j). In addition to determining whether to sustain the parent's claim of indigence (if any), the trial court is also required to determine whether the appeal is frivolous, considering whether the appellant has presented a substantial question for appellate review. *See* TEX. FAM.CODE ANN. § 263.405(d)(3); TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(b) (West 2002). One effect of a trial court's determination that the parent's appeal is frivolous—and the most significant effect for an indigent parent—is that instead of being entitled to a complete appellate record prepared at no cost to the appellant, the statute provides that only the report-

er's record and clerk's record of the section 263.405(d) hearing shall be provided without advance payment. Tex. Fam.Code Ann. § 263.405(g); *In re M.R.J.M.*, 193 S.W.3d 670, 672–73 (Tex.App.-Fort Worth 2006, no pet.).

The appellant may appeal a trial court's order finding that the appeal is frivolous by filing the record of the hearing with the appellate court not later than the 10th day after the date the trial court makes its decision. Tex. Fam.Code Ann. § 263.405(g). The appellate court is required to review the records and may require the parties to file appellate briefs on the issues presented, but it may not hear oral argument on the issues. *Id.* For an indigent appellant, the effect of an appellate court reversing the trial court's frivolousness finding is that the appellant becomes entitled to preparation of the entire appellate record at no cost, which then may be used to prepare appellate briefs on the substantive points of appeal.

The Family Code thus demonstrates a general legislative intent to ensure expeditious resolution of parental termination proceedings, from inception through appeals. *See, e.g.*, Tex. Fam.Code Ann. § 161.202 (West 2008) (authorizing preferential trial settings for termination cases that would make child eligible for adoption or in which discovery has been completed or sufficient time for discovery has elapsed if diligently pursued); *id.* § 263.401(a) (West 2008) (requiring dismissal of suit to terminate parental rights if trial has not commenced within one year of temporary order appointing DFPS as temporary managing conservator); *see also In re B.G.*, 317 S.W.3d 250, 251 (Tex.2010) ("[S]ection 263.405 of the Texas Family Code prescribes shortened post-trial deadlines and special procedures to discourage frivolous appeals and expedite finality, minimizing the time a child must spend in temporary care."). Consistent with that policy of promptly resolving cases implicating the termination of parental rights, the Family Code provides that "[a]n appeal in a suit in which termination of the parent-child relationship is in issue shall be given precedence over other civil cases and shall be accelerated by the appellate courts." Tex. Fam.Code Ann. § 109.002(a) (West 2008).

Appeals from proceedings resulting in the termination of parental rights are to be accelerated, and "[t]he appellate court shall render its final order or judgment with the least possible delay." *Id.* § 263.405(a). To facilitate prompt review, ordinary post-trial procedures and deadlines have been modified in such cases, such that the parent is required to file any request for new trial not later than the 15th day after the date a final order is signed by the trial judge. *Compare id.* § 263.405(b)(1), *with* Tex.R. Civ. P. 329b(a) (30–day deadline for filing motion for new trial after judgment or other order complained of is signed). If an appeal is sought, an appellant is also required to file within the same 15 days a statement of the point or points on which that party intends to appeal. *See* Tex. Fam.Code Ann. § 263.405(b)(2).

This statutory scheme facilitates an expeditious review of a trial court's finding of frivolousness, so that if the trial court's finding can be affirmed on the basis of the record of the section 263.405(d) hearing, that determination can be made without the added delay and expense of preparing a complete appellate record. *See B.G.*, 317 S.W.3d at 258 & n. 41 (acknowledging that reporter's record need not necessarily be prepared in every termination case involving indigent parent, and "[i]f a trial court determines in a section 263.405(d) hearing that an appeal on the issues attempted to be raised by the parent would be frivolous,

review is limited to the record of that hearing").

■ Although the statute does not expressly contemplate the circumstance in which an appellate court might not be able to effectively review a finding of frivolousness without the benefit of a complete appellate record, it does provide that the appellate court "shall render appropriate orders after reviewing the records and appellate briefs, if any." TEX. FAM.CODE ANN. § 263.405(g). In addition, the courts have recognized that, despite this statutory scheme, due process may require the preparation of a complete record in certain circumstances. *See, e.g., B.G.*, 317 S.W.3d at 256–57 (holding that complete record was required to evaluate harm element of ineffective assistance of counsel claim). Due process will therefore sometimes require that a record be prepared at no cost to the indigent parent despite the Legislature's policy preference that appeals determined by the trial court to be frivolous be confined to a review of that frivolousness determination, at least initially and at least to the extent that the record and the lawyer are being provided at the state's expense.

## II. Waiver

■ Before reaching the merits of the mother's appeal from the frivolousness finding, we address the Department's assertion that the mother has waived her appeal because she has not argued on the merits that the evidence presented at trial was legally or factually insufficient to support the termination of her parental rights. Instead, the mother's appellate brief identifies a single issue, assigning error to the trial court's frivolousness finding. The relief requested by the mother is that this court order the preparation of an appellate record at no cost to her. Her prayer expressly contemplates that upon the filing of the record, new briefs would be submitted with arguments based upon the information contained in the record. *See also* TEX.R.APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Appellant does not ask for reversal of the order of termination at this stage, but instead requests that "upon further proceedings," this Court consider granting that relief after receiving a new round of appellate briefing with the benefit of a full record.

The Department contends that the mother's failure to brief the merits of her appeal without the benefit of a record of the trial constitutes a waiver of her complaint about the frivolousness finding. That argument seeks to impose a procedural requirement beyond the already stringent section 263.405 procedures. The statute expressly provides that the appellant may appeal "the court's finding that the appeal is frivolous." TEX. FAM.CODE ANN. § 263.405(g). On appeal, we "shall review the records and may require the parties to file appellate briefs on the issues presented." *Id.* That is what is occurring at this stage of the appeal. We "may not hear oral argument on the issues," but we are specifically empowered to "render appropriate orders after reviewing the records and appellate briefs, if any." *Id.*

The statute specifically authorizes an appeal from a trial court's finding that an appeal would be frivolous. The consequence of granting relief in that circumstance is that a free record is provided, and the appellant's appointed counsel can then use that record to brief the substantive merits of the appeal. We therefore find no waiver based on the substance of the mother's appellate brief, and proceed to consider her appeal from the finding that her issues are frivolous.

## III. Frivolousness finding

The issues presented by the parties in this case raise the question of when a court of appeals should request a full record to facilitate appellate review. The functional purpose for the trial court's frivolousness finding is to comply with the statute and to thereby determine whether the mother would be entitled to a free appellate record.

The frivolousness standard applied in the trial court asks whether the appeal has an arguable basis either in law or in fact. *See, e.g., D.R. v. Tex. Dep't of Family & Protective Servs.*, 281 S.W.3d 598, 602 (Tex.App.-El Paso 2008, no pet.); *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex.App.-San Antonio 1998, no pet.). In making this determination, the trial court may consider whether the appellant has presented a substantial question for appellate review. *See* TEX. FAM.CODE ANN. § 263.405(d)(3); TEX. CIV. PRAC. & REM.CODE ANN. § 13.003(b). "When the trial court conducts a frivolousness hearing on an appellant's proposed legal and factual sufficiency issues, the trial court should apply the standard of review applicable to clear and convincing evidence...." *In re K.D.*, 202 S.W.3d 860, 867–68 (Tex.App.-Fort Worth 2006, no pet.). "In reviewing the evidence for legal sufficiency in parental termination cases, a court must review all of the evidence in the light most favorable to the verdict and determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that the grounds for termination were proven." *Id.* (citing *In re J.F.C.*, 96 S.W.3d 256, 265–66 (Tex. 2002)). In a factual sufficiency review, the question becomes whether the disputed evidence is such that a reasonable factfinder could not have resolved it in favor of the finding. *K.D.*, 202 S.W.3d at 867. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *J.F.C.*, 96 S.W.3d at 266–67.

On appeal, we review the trial court's frivolousness finding for an abuse of discretion. *See, e.g., D.R.*, 281 S.W.3d at 602. "The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985). Instead, we must determine whether the trial court acted "without reference to any guiding rules and principles," *id.* at 241–42, or if it reached "a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re Bass*, 113 S.W.3d 735, 738 (Tex.2003); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). As applied to appellate review of a finding that an appellate issue challenging legal and factual sufficiency is frivolous, we must determine "whether the trial court abused its discretion by determining that the evidence is such that a factfinder could reasonably form a firm belief or conviction that its finding was true." *K.D.*, 202 S.W.3d at 868.

The appellate record before the Court includes the court reporter's transcript of the frivolousness hearing and the clerk's record. At the outset, the trial court stated that it was "under the understanding that what I can order is a transcript of this proceeding, [and] that also I defer to the appellate court to request a full record." This statement, which was not contested by the lawyers participating in the hearing, is a misstatement of the law. It is correct that an indigent appellant is entitled to a free record of the section 263.405(d) hearing. *See* TEX. FAM.

CODE ANN. § 263.405(g). However, it is not correct that the trial court defers to the appellate court to request a full record. To the contrary, as explained above, an indigent person appealing from the termination of parental rights is entitled to a free record of the trial proceedings, *see* TEX.R.APP. P. 20.1(j), unless the trial court determines that the points of appeal are frivolous. *See* TEX. FAM.CODE ANN. § 263.405(g).

The transcript further reveals that as the hearing progressed, it was almost entirely devoid of meaningful discussion of the evidence presented at trial. The transcript of the entire hearing is only 23 pages long, and the issue of whether the mother presented substantial questions for appellate review was discussed on only 18 of those pages. In that short period of time, the mother's counsel presented the issues in the written statement of points on appeal. However, counsel for the Department did not respond—as it could have on its own initiative or as the judge could have affirmatively requested—by articulating what evidence had been presented to demonstrate the sufficiency of the evidence and thereby support the findings on each issue. For example, with respect to the mother's first issue—that there was legally or factually insufficient evidence that termination of the mother's parental rights was in the child's best interest, TEX. FAM. CODE ANN. § 161.001(2) (West 2008)—counsel for the Department simply responded that "[t]he Court will recall the testimony and the evidence that was submitted."[1] This type of conclusory assertion was offered in response to each of the mother's five points discussed during the hearing.[2]

---

**1.** Counsel for the Department also made a legal argument, applicable to each of the mother's five issues, that to the degree each of the appellate points "is a claim that the judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient, [§ ] 263.405 of the Family Code suggest that's not sufficiently specific to preserve this issue for appeal." The trial court gave no indication that this argument was the basis for its frivolousness finding, and based on our review of the statement of appellate points and the frivolousness hearing, it could not have been. It is not a fair characterization of either the written appellate points or the argument presented at the hearing to say that the mother merely stated that the trial court's rulings were "contrary to the evidence or that the evidence is factually or legally insufficient," which standing alone would not have been "sufficiently specific to preserve an issue for appeal." *See* TEX. FAM.CODE ANN. § 263.405(i).

**2.** In response to the mother's second point, challenging a finding under TEX. FAM.CODE ANN. § 161.001(1)(D) (knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child), counsel for the Department stated "I think I recall the testimony clearly that she did everything she could to conceal the drug use" and that "we believe the evidence supported that ground by clear and convincing evidence." In response to the third appellate point under TEX. FAM.CODE ANN. § 161.001(1)(E) (engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child), the response was that "it was clear to me that the evidence was sufficient to meet the standard that's required." On the fourth point, relating to a finding under TEX FAM.CODE ANN. § 161.001(1)(N) (constructive abandonment), the response was "Judge, we believe the ground was met by sufficient evidence." Finally, on a challenge to a finding under TEX. FAM.CODE ANN. § 161.001(1)(O) (failure to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child), the legal argument was that the Department made no accommodation for the mother's compliance while incarcerated, and the response was, "To be honest, as we stand here a month after the fact I don't recall all of the testimony, but I do recall that reasonable efforts were made ... to draft a plan, convey the plan to [the mother], and certainly at some point people have to take responsibility for their own actions ..."

In our review of the transcript of the frivolousness hearing, we can find only two instances in which there was reference to the actual evidence presented at trial. First, in support of a finding that the mother "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child," TEX. FAM.CODE ANN. § 161.001(1)(D), counsel for the Department stated his recollection of testimony that the mother "did everything she could to conceal [her] drug use." Second, in the context of a finding that the mother failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the child, TEX. FAM. CODE ANN. § 161.001(1)(O), the arguments of counsel indicate that there was evidence the mother was incarcerated for a period of time, as well as disputed testimony about the reasonableness of the Department's efforts to communicate its family services plan to the mother and assist her in complying with the plan during the period of her incarceration. Neither of these vague references is adequate to describe evidence sufficient to constitute a violation of the relevant statutory provision.

Likewise, the trial court did not identify any particular evidence that it found to be supportive of its findings. After considering the arguments of counsel, the trial court announced its frivolousness finding without further reference to any testimony or evidence, stating only that its "decisions at the course of the trial were based on the credibility of the witnesses." The clerk's record includes the trial court's findings of fact and conclusions of law, entered after the frivolousness hearing. Although these findings and conclusions address the best interest of the child and each ground for termination of the mother's parental rights, they also do not reference the spe-cific testimony or other evidence on which they are based.

 A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *Downer*, 701 S.W.2d at 241–42. The record we have been provided lacks any reference to correctly articulated rules or principles that might support the trial court's frivolousness finding. The record before us also contains no reference to the evidence that would support the trial court's determination that the factfinder (in this case, the same trial court judge) could reasonably form a firm belief or conviction that its findings were true. *See K.D.*, 202 S.W.3d at 868. Accordingly, we have no basis upon which we could conclude that the trial court properly exercised its discretion in finding that the mother's appeal has no arguable basis either in law or in fact or that it presents no substantial issues for appellate review. We therefore also lack any basis to confirm that the trial court acted within its discretion to determine that the appeal is frivolous, and that the mother is not entitled to a full record of the termination trial.

### Conclusion

When an indigent parent has been denied access to a free record to facilitate an appeal, relief is available on appeal on a showing of abuse of the trial court's discretion in either its failure to recognize a substantial question for appellate review or its failure to demonstrate the basis for finding that an appeal would be frivolous. Finding relief to be appropriate for those reasons in this case, we sustain the appeal. We order that the court reporter shall, within 30 days from the date of this order, and without cost to the mother, prepare and file a reporter's record containing all of the evidence admitted at the termination trial. Upon receiving the reporter's

record, the parties shall submit briefs in accordance with the schedule for accelerated appeals. *See* TEX.R.APP. P. 38.6.