

# Fourth Court of Appeals
## San Antonio, Texas

August 31, 2021

No. 04-21-00344-CV

**IN THE INTEREST OF R.A.E., ET AL, CHILDREN**,

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2019PA01868
Honorable Susan D. Reed, Judge Presiding

# O R D E R

This is an appeal of an order terminating parental rights as to three children. The clerk's record, which was filed on August 30, 2021, contains an order of termination that is styled as an "interlocutory" order. The order terminates appellant's parental rights to his two children and terminates the mother's rights to all three children. However, the order grants the "not ready" announcement by the father of the third child and does not terminate his parental rights. Accordingly, the order is not a final judgment that disposes of all parties and all claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The clerk's record does not contain a severance order that would make the otherwise interlocutory order against appellant final for the purposes of appeal. *See In re T.T.F.*, 331 S.W.3d 461, 477 (Tex. App.—Fort Worth 2010, no pet.) ("A severance splits a single suit into two or more independent actions, each action resulting in an appealable final judgment."); *see also In re T.J.H.*, No. 13-06-00407-CV, 2009 WL 2624114, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2009, pet. denied) (mem. op.) (holding order terminating parental rights of one parent was interlocutory until trial court signed a second order terminating the other parent's rights); *D.R. v. Tex. Dep't of Family & Protective Servs.*, 281 S.W.3d 598, 601–02 (Tex. App.—El Paso 2008, no pet.) (applying *Lehmann*'s definition of "final judgment" to the calculation of appellate deadlines in a parental termination appeal).

"[A]n appeal may be prosecuted only from a final judgment." *Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Because no final order has been entered in the underlying case, we **ORDER** appellant to show cause in writing **by September 20, 2021** why this appeal should not be dismissed for lack of jurisdiction. If appellant fails to satisfactorily respond within the time provided—for example, by obtaining an order severing the termination of appellant's parental rights from the other parties and claims at issue in this suit and filing that severance order in a supplemental clerk's record—the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c). If a supplemental clerk's record is required to establish this court's jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that

such a request was made. All deadlines in this matter are suspended until further order of the court.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 31st day of August, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court