COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-08-00053-CV |
| M. C., | § | |
| | | Appeal from the |
| Appellant, | § | |
| | | 65th District Court |
| v. | § | |
| | | of El Paso County, Texas |
| TEXAS DEPARTMENT OF FAMILY | § | |
| AND PROTECTIVE SERVICES, | | (TC# 2007CM227) |
| | § | |
| Appellee. | | |

**O P I N I O N**

This is an appeal from a judgment terminating the parental rights of M.C., the child's biological mother. As a preliminary matter, we are reviewing the trial court's determination made pursuant to Section 263.405(d) of the Texas Family Code that the appeal is frivolous. In addition to alleging that the appeal is not frivolous, M.C. challenges the constitutionality of those provisions in the Texas Family Code (1) which allow the trial court – rather than the appellate court – to determine whether the appeal is frivolous, and (2) which impose restrictions on the right to appeal, including the statutory requirement that she file a statement of points of error. The Texas Department of Family and Regulatory Services (the Department) responds that we are precluded from considering any of the issues raised by M.C. because she did not timely file a statement of points as required by Section 263.405(b). Finding that the appeal is not frivolous, we reverse the trial court's order.

**FACTUAL SUMMARY**

On January 11, 2007, the Department filed a petition to terminate the parental rights of M.C.

and the child's biological father. An associate judge conducted the final hearing on December 5, 2007. At the conclusion of that hearing, the associate judge announced in open court that the Department had proven by clear and convincing evidence the allegations contained in the first amended petition and that termination of M.C.'s parental rights was in the child's best interest. M.C.'s trial attorney filed a premature notice of appeal on December 12, 2007. The associate judge entered an interlocutory order terminating the parental rights of M.C.[1] on December 18, 2007, and the court appointed an appellate attorney to represent M.C. that same day. The district court adopted the associate judge's order on December 20. The associate judge entered an order terminating the parental rights of the child's biological father on January 14, 2008, and the district court adopted that order on January 15. On January 28, M.C. filed an amended notice of appeal and a statement of points of error. Those points included complaints about the denial of M.C.'s motion for continuance, attacks on the sufficiency of the evidence, and challenges to the constitutionality of Section 263.405. The associate judge conducted a hearing on the statement of points and found that the appeal was frivolous. M.C.'s attorney announced in open court that M.C. wished to appeal the associate judge's determination. At our request, the parties have filed briefs related to the frivolousness finding. We also ordered the court reporter to file the record from the trial on the merits because M.C.'s statement of points include challenges to the legal and factual sufficiency of the evidence. *See In re M.R.J.M.*, 193 S.W.3d 670, 676 (Tex.App.--Fort Worth 2006, no pet.)(en banc)(holding that an appellate court has the authority to order the preparation of a free record of all of the evidence in a termination case when necessary to review a trial court's determination that an appeal raising a factual sufficiency complaint is frivolous).

## TIMELINESS OF THE STATEMENT OF POINTS

[1] The order was entitled "Interlocutory Order of Termination as to [M.C.]."

The Department contends that we are precluded from considering any issues raised by M.C. because she did not timely file her statement of points. We understand the Department to argue, at least in part, that the appeal is frivolous because M.C. did not preserve her issues for appellate review by complying with Section 263.405(b). That section provides:

> (b) Not later than the 15th day after the date a final order is signed by the trial judge, a party intending to appeal the order must file with the trial court a statement of the point or points on which the party intends to appeal. The statement may be combined with a motion for a new trial. Acts 2001, 77th Leg., R.S., ch. 1090, § 9, 2001 Tex.Gen.Laws 2395, 2397-98 (current version found at TEX.FAM.CODE ANN. § 263.405(b) (Vernon Supp. 2008)).[2]

Under Section 263.405(i), an appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. Acts 2005, 79th Leg., R.S., ch. 176, § 1, 2005 Tex.Gen.Laws 332 (current version found at TEX.FAM.CODE ANN. § 263.405(i) (Vernon Supp. 2008)).

Citing Section 263.401(d), and *In re T.L.S.*, 143 S.W.3d 284, 287 (Tex.App.--Waco 2004, no pet.), the Department argues that the termination order entered by the associate judge on December 18, 2007 was a final order with respect to M.C. Section 109.002(b) of the Family Code provides that "[a]n appeal may be taken by any party to a suit from a final order rendered under this title." TEX. FAM.CODE ANN. § 109.002(b) (Vernon 2002). An order is generally considered to be interlocutory if it does not dispose of all the parties or claims in a case. *See Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 & n.12 (Tex. 2001). It is undisputed that the termination order rendered on December 18, 2007 did not dispose of all the parties and would be considered an interlocutory order

---

[2] The Legislature amended Section 263.405 in 2007. The new version applies only to a suit affecting the parent-child relationship filed on or after the effective date of the Act, June 15, 2007. The petition here was filed on January 11, 2007. Accordingly, we will apply the 2005 version of the statute to this appeal unless noted otherwise.

under the general rule.  The Department contends that the order terminating M.C.'s parental rights is a final and appealable order by virtue of Section 263.401(d), and that the appellate timetable began to run on December 18, 2007.

Section 263.401 pertains to the dismissal of a suit affecting the parent-child relationship filed by the Department of Family and Regulatory Services.  Subsection (a) requires the trial court to dismiss a suit filed by the Department if the suit has been pending for one year and the court has not rendered a final order or granted an extension under subsection (b). *See* TEX.FAM.CODE ANN. § 263.401(a) (Vernon Supp. 2008).  The former version of Section 263.401(d) provided:

> (d)  For purposes of this section, a final order is an order that:
>
> (1)  requires that a child be returned to the child's parent;
>
> (2)  names a relative of the child or another person as the child's managing conservator;
>
> (3)  without terminating the parent-child relationship, appoints the department as the managing conservator of the child; or
>
> (4)  terminates the parent-child relationship and appoints a relative of the child, another suitable person, or the department as managing conservator of the child.

Acts 1997, 75th Leg., R.S., ch. 1022, § 90, 1997 Tex.Gen.Laws 3733, 3768-69.[3]  Under similar facts, the Waco Court of Appeals has applied this definition of "final order" to determine that an order which terminated the parental rights of one parent and appointed the Department as the child's managing conservator was a final order for purposes of calculating the appellate timetable, even though it did not adjudicate the rights of all parties to the proceeding or all pending claims.  *In re*

---

[3]  The Legislature repealed Section 263.401(d) in 2007.  Acts 2007, 80th Leg., R.S., ch. 866, § 5, 2007 Tex.Gen.Laws 1837, 1838.  Because this suit was filed prior to the effective date of the amendment, June 15, 2007, the former version of Section 263.401 applies to this appeal.  Acts 2007, 80th Leg., R.S., ch. 866, § 6, 2007 Tex.Gen.Laws 1837, 1838.

*T.L.S.*, 143 S.W.3d at 287-89. The court of appeals dismissed the appeal because the parent had not filed her notice of appeal within twenty days after the "final order" was signed. *Id.* at 290.

We decline to follow this decision. The court failed to consider that Section 263.401(d) begins with the phrase "For purposes of this section . . . ." The plain meaning of that phrase is to limit the application of the definition to Section 263.401. If the Legislature had intended for Section 263.401(d)'s definition of "final order" to apply elsewhere, it would not have limited its application to Section 263.401. Moreover, the December 18, 2007 termination order is not a "final order" under that section because it appointed the Department as the child's *temporary* managing conservator. To constitute a "final order" under Section 263.401(d)(4), the order must appoint the Department as the child's *managing conservator*. We conclude that the interlocutory order did not become final until the trial court entered the order terminating the parental rights of the child's biological father on January 14, 2008. Thus, M.C. timely filed her statement of points.

## THE FRIVOLOUSNESS FINDING

M.C. devotes most of her brief to constitutional challenges. The Department contends that her failure to adequately brief the frivolousness finding effectively concedes it. We disagree. M.C.'s brief addresses the standard for determining whether an appeal is frivolous. While she does not illustrate why each point for review is not frivolous, her brief adequately raises the issue. M.C.'s approach is logically consistent with her contention that Section 263.405 is unconstitutional because it permits the trial court rather than the appellate court to determine whether her appeal is frivolous. Further, Section 263.405(g) does not require an appellant to even file a brief with respect to the frivolousness finding although the appellate court may require the parties to file appellate briefs on the issues presented. It is the appellate court's duty to "render appropriate orders after reviewing the records and appellate briefs, if any." TEX.FAM.CODE ANN. § 263.405(g) (Vernon Supp. 2008). Our

duty to review the trial court's frivolousness finding is not dependent on the adequacy of the appellant's briefing of the issue.

Section 263.405(d)(3) directs the trial court to determine whether the appeal is frivolous as provided by Section 13.003(b) of the Civil Practice and Remedies Code. Under that section, a judge may consider whether the appellant has presented a substantial question for appellate review. TEX.CIV.PRAC. & REM.CODE ANN. § 13.003(b) (Vernon 2002). An appeal is frivolous when it lacks an arguable basis in law or in fact. *In re M.N.V.*, 216 S.W.3d 833, 834 (Tex.App.--San Antonio 2006, no pet.), *citing De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex.App.--San Antonio 1998, no pet.). We review a trial court's finding of frivolousness for an abuse of discretion. *In re M.N.V.*, 216 S.W.3d 833, 834 (Tex.App.--San Antonio 2006, no pet.); *In re K.D.*, 202 S.W.3d 860, 866 (Tex.App.--Fort Worth 2006, no pet.); *In re H.D.H.*, 127 S.W.3d 921, 923 (Tex.App.--Beaumont 2004, no pet.).

In her statement of points, M.C. challenges the constitutionality of Section 263.405. Given that one court of appeals has held that Section 263.405(i) is unconstitutional because it violates the Separation of Powers clause, we conclude that M.C.'s constitutional arguments directed at that subsection have an arguable basis in law. *See In re D.W.*, 249 S.W.3d 625 (Tex.App.--Fort Worth), *pet. denied*, 260 S.W.3d 462 (Tex. 2008). For this reason alone, we conclude that the trial court abused its discretion by concluding that M.C.'s appeal is frivolous. We believe Appellant's other constitutional arguments raise substantial questions which should be reviewed on the merits. After reviewing the parties' briefs, M.C.'s statement of points on appeal, the clerk's record, and the reporter's record from both the trial on the merits and the Section 263.405(d) hearing, we conclude that the appeal is not frivolous. We reverse the trial court's order and direct that the appeal proceed on the merits. Our opinion should not be read as impliedly holding that Section 263.405(i) is

unconstitutional. We have not reached the merits of any of the constitutional issues presented by this appeal.

M.C. is directed to file her brief on the merits within thirty days after the issuance of this opinion. She may include in her brief issues not included in her statement of points. Whether our review of those issues will be restricted by application of Section 263.405(i) and whether such a restriction of our review is constitutional is another matter. The Department will have thirty days to file its brief. After briefing is completed, the appeal will be submitted, either with or without oral argument as the parties desire, at the earliest date possible.

December 11, 2008                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.
Rivera, J., not participating