IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00257-CV

 

JPMorgan Chase Bank, N.A.,

                                                                                    Appellant

 v.

 

Stacie Wright,

                                                                                    Appellee

 

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court No. 02-000192-CV-272

 



MEMORANDUM  Opinion



 

Appellant has filed a “Motion to Dismiss
Appeal.”  See Tex. R. App. P. 42.1(a)(1). 
It states that the “parties have entered into a complete settlement disposing
of all issues raised” in this appeal.

Dismissal of this appeal would not
prevent a party from seeking relief to which it would otherwise be entitled. 
The appeal is dismissed. 








 

REX D. DAVIS

Justice

 

 

Before Chief
Justice Gray,

            Justice
Reyna, and 

Justice
Davis

Dismissed

Opinion
delivered and filed February 17, 2010

[CV06]

 






ed.”  M.C. v. Tex.
Dep’t Fam. & Prot. Serv’s., 300 S.W.3d 300, 304 (Tex. App.—El Paso
2008), disp. on merits, 300 S.W.3d 305 (Tex. App.—El Paso 2009, pet.
denied).

It appears that no court has addressed
whether subsection 161.103(e) is unconstitutional because it denies parents an
opportunity to reconsider their decision to relinquish parental rights.  At
least one appellate court has addressed the constitutionality of section
263.401, finding it to be constitutional.  See Tex. Dep’t Fam. & Prot.
Serv’s. v. Dickensheets, 274 S.W.3d 150, 161 (Tex. App.—Houston [1st Dist.]
2008, no pet.) (addressing separation-of-powers challenge).

We conclude that these two
constitutionality issues warrant briefing.  See Tex. Fam. Code Ann. § 263.405(g) (“The appellate court shall
review the records and may require the parties to file appellate briefs on
the issues presented, but may not hear oral argument on the issues.”)
(emphasis added).  Accordingly, within twenty days of the date of this order,
Appellant shall file a brief on: (1) whether subsection 161.103(e) is unconstitutional
because it denies parents an opportunity to reconsider their decision to
relinquish parental rights; and (2) whether section 263.401 is unconstitutional
because it arbitrarily requires a trial within eighteen months.  The
Department’s brief shall be due within twenty days of the filing of Appellant’s
brief.

Absent extraordinary circumstances, no
motions for extensions of time to file briefs will be entertained.

 

PER CURIAM

 

Before Chief
Justice Gray,

Justice
Davis, and

Justice
Scoggins

(Chief Justice Gray does not join this
order.  On the record and briefs currently on file with the Court, he would
affirm the trial court’s determination that the appeal is frivolous.)

Order issued and
filed May 4, 2011

Do not publish









[1]               Instead
of briefing the issues raised in his statement of points, Appellant’s brief argues
that subsection 263.405(d) is unconstitutional because it allows the trial
court to determine whether the appeal is frivolous, which thus interferes with
or precludes an appellate court’s jurisdiction.  Because Appellant did not
raise this issue in the trial court (in his statement of points on appeal), it
cannot be raised for the first time on appeal.  See In re D.W., 249
S.W.3d 625, 631 (Tex. App.—Fort Worth 2008), pet. denied per curiam, 260
S.W.3d 462 (Tex. 2008); In re E.A.R., 201 S.W.3d 813, 814 (Tex.
App.—Waco 2006, no pet.).  Appellant also appears to allege that subsection
263.405(g) is unconstitutional because it allows the trial court to refuse to
provide a free record on appeal, thus preventing an appeal.  Because a clerk’s
record and the reporter’s record from the hearing on Appellant’s motion for new
trial have been filed, subsection 263.405(g)’s constitutionality is a moot
issue, as it has not prevented Appellant from appealing the frivolousness
finding.  See, e.g., In re M.V.G., --- S.W.3d ---, ---, 2010 WL 730366,
at *11 (Tex. App.—Waco Mar. 3, 2010, no pet.) (on claim that section 263.405
was unconstitutional, noting that appellant did not identify any issue that
statute prevented him from presenting for appellate review).