IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00375-CV

 

In
the Interest of

M.N.R.,
M.E.R., M.R., & A.R., Minor Children,

 

 

 



From the County Court
at Law No. 1

Johnson County, Texas

Trial Court No. D200900076

 



Order










 

            During trial on the
Department of Family and Protective Service’s petition to terminate his
parental rights, Appellant executed an irrevocable affidavit of relinquishment
of his parental rights to his four children and designated the Department as
their managing conservator.  The trial court found that termination would be in
the children’s best interest and entered an order of termination.  Appellant,
who was proceeding as an indigent, filed a motion for new trial, a notice of
appeal, and a statement of points on appeal.

Appellant’s statement of points asserts
two points:  (1) that subsection 161.103(e) of the Family Code is
unconstitutional because it denies parents an opportunity to reconsider their
decision to relinquish parental rights; and (2) that section 263.401 of the
Family Code is unconstitutional because it arbitrarily requires a trial within
eighteen months.

            Appellant, being represented
by appointed counsel, appeals the frivolousness finding.  Appellant’s brief
lacks any legal argument on the unconstitutionality of these statutes.[1]
 “Section 263.405(g) does not require an appellant to even file a brief with
respect to the frivolousness finding although the appellate court may require
the parties to file appellate briefs on the issues presented.”  M.C. v. Tex.
Dep’t Fam. & Prot. Serv’s., 300 S.W.3d 300, 304 (Tex. App.—El Paso
2008), disp. on merits, 300 S.W.3d 305 (Tex. App.—El Paso 2009, pet.
denied).

It appears that no court has addressed
whether subsection 161.103(e) is unconstitutional because it denies parents an
opportunity to reconsider their decision to relinquish parental rights.  At
least one appellate court has addressed the constitutionality of section
263.401, finding it to be constitutional.  See Tex. Dep’t Fam. & Prot.
Serv’s. v. Dickensheets, 274 S.W.3d 150, 161 (Tex. App.—Houston [1st Dist.]
2008, no pet.) (addressing separation-of-powers challenge).

We conclude that these two
constitutionality issues warrant briefing.  See Tex. Fam. Code Ann. § 263.405(g) (“The appellate court shall
review the records and may require the parties to file appellate briefs on
the issues presented, but may not hear oral argument on the issues.”)
(emphasis added).  Accordingly, within twenty days of the date of this order,
Appellant shall file a brief on: (1) whether subsection 161.103(e) is unconstitutional
because it denies parents an opportunity to reconsider their decision to
relinquish parental rights; and (2) whether section 263.401 is unconstitutional
because it arbitrarily requires a trial within eighteen months.  The
Department’s brief shall be due within twenty days of the filing of Appellant’s
brief.

Absent extraordinary circumstances, no
motions for extensions of time to file briefs will be entertained.

 

PER CURIAM

 

Before Chief
Justice Gray,

Justice
Davis, and

Justice
Scoggins

(Chief Justice Gray does not join this
order.  On the record and briefs currently on file with the Court, he would
affirm the trial court’s determination that the appeal is frivolous.)

Order issued and
filed May 4, 2011

Do not publish









[1]               Instead
of briefing the issues raised in his statement of points, Appellant’s brief argues
that subsection 263.405(d) is unconstitutional because it allows the trial
court to determine whether the appeal is frivolous, which thus interferes with
or precludes an appellate court’s jurisdiction.  Because Appellant did not
raise this issue in the trial court (in his statement of points on appeal), it
cannot be raised for the first time on appeal.  See In re D.W., 249
S.W.3d 625, 631 (Tex. App.—Fort Worth 2008), pet. denied per curiam, 260
S.W.3d 462 (Tex. 2008); In re E.A.R., 201 S.W.3d 813, 814 (Tex.
App.—Waco 2006, no pet.).  Appellant also appears to allege that subsection
263.405(g) is unconstitutional because it allows the trial court to refuse to
provide a free record on appeal, thus preventing an appeal.  Because a clerk’s
record and the reporter’s record from the hearing on Appellant’s motion for new
trial have been filed, subsection 263.405(g)’s constitutionality is a moot
issue, as it has not prevented Appellant from appealing the frivolousness
finding.  See, e.g., In re M.V.G., --- S.W.3d ---, ---, 2010 WL 730366,
at *11 (Tex. App.—Waco Mar. 3, 2010, no pet.) (on claim that section 263.405
was unconstitutional, noting that appellant did not identify any issue that
statute prevented him from presenting for appellate review).