NUMBER 13-10-00624-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

IN
THE INTEREST OF M.D.C.D., A CHILD

                                                                                                                     
  

 

On appeal from the County
Court at Law No. 5 

of Nueces County,
Texas.

                                            
                                                                         

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Rodriguez

 

This is an accelerated appeal from a
parental termination proceeding.  See Tex.
Fam. Code Ann. '
109.002 (West 2008).  The trial court terminated appellant R.V.'s parental
rights to her child, M.D.C.D.[1]
 Pursuant to section 263.405 of the family code, appellant filed a
statement of points with the trial court.  See id. § 263.405 (West 2008) (setting out the
procedure for appealing a final order under the family code).  In her points,
appellant challenged the sufficiency of the evidence supporting the statutory
grounds on which the trial court based its termination order.  See id. '
161.001(1)(N-Q) (West Supp. 2010).

A hearing was held on appellant's motion
to determine whether (1) a new trial should be granted, (2) her claim of
indigence should be sustained, and (3) her appeal is frivolous as provided by
section 13.003(b) of the civil practice and remedies code (263.405 hearing).  The
trial court sustained appellant's affidavit of indigence and ruled that her
appeal was frivolous.  See id. §
263.405(d)(2-3); see also Tex.
Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002).  Because an aggrieved parent's
appeal is initially limited to appealing the trial court's finding that the
appeal is frivolous, we construe this as an appeal from the trial court's
frivolous finding.  See Tex. Fam.
Code Ann. § 263.405(g); Lumpkin v. Dep't of Family & Protective
Servs., 260 S.W.3d 524, 526 (Tex. App.—Houston [1st
Dist.] 2008, no pet.).  We affirm.

I.     
Compliance
with Anders

            Appellant's court‑appointed appellate counsel has
filed an Anders brief and motion to withdraw in which he states
"[a]fter [a] diligent search, counsel has determined that the appeal in
this cause is frivolous and without merit."[2] 
See Anders v. California, 386 U.S. 738, 774-45 (1967); Porter v. Tex.
Dep't of Protective & Regulatory Servs., 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi
2003, no pet.) ("[W]hen appointed counsel represents an indigent client in
a parental termination appeal and concludes that there are no non‑frivolous
issues for appeal, counsel may file an Anders‑type brief."). 
Counsel states that he "has diligently reviewed the record in this cause
and the law applicable thereto," and "there are no grounds of error
upon which an appeal can be predicated."  Counsel has informed this Court
that, in his opinion, the trial court did not, among other things, abuse its
discretion.  See In the Interest of M.N.V., 216 S.W.3d 833, 834 (Tex.
App.—San Antonio 2006,
no pet.) (providing that the appellate standard of review of a trial court's
determination that an appeal is frivolous in a parental termination case is an
abuse of discretion).  Counsel's brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no non‑frivolous
grounds for advancing an appeal.  See In re Schulman, 252 S.W.3d 403,
407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); Stafford v. State,
813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

            In compliance with High v. State, 573 S.W.2d 807,
813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has discussed why,
under controlling authority, there are no reversible errors in the trial
court's judgment.  Counsel has informed this Court that in addition to
providing the brief and record to appellant, he has provided appellant with the
rules for appeal to the Texas Supreme Court.  Counsel has also advised
appellant of her right to file a pro se response.[3] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3. 
More than an adequate time has passed, and appellant has not filed a pro se
response.  See In re Schulman, 252 S.W.3d at 409.

II.  Independent Review

            Upon receiving a "frivolous appeal" brief, this
Court must conduct a full examination of all proceedings to determine whether
the case is wholly frivolous.[4]  See Penson
v. Ohio, 488 U.S. 75, 80 (1988); see also In re G.M. and X.M, No.
13-08-00569-CV, 2009 Tex. App. LEXIS 6509, at *3-4 (Tex. App.—Corpus Christi
Aug. 20, 2009, no pet.) (mem. op.); In re M.P.O., No. 13‑08‑00316‑CV,
2009 Tex. App. LEXIS 103, at *3‑4 (Tex. App.—Corpus Christi
Jan. 8, 2009, no pet.) (mem. op.).  Having reviewed the entire record and
counsel's brief, we have found nothing that would arguably support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827‑28 (Tex. Crim. App. 2005)
("Due to the nature of Anders briefs, by indicating in the opinion it
considered the issues raised in the brief and reviewed the record for
reversible error but found none, the court of appeals met the requirements of
Texas Rule of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at
509.

 

III.  Motion To Withdraw

            In accordance with Anders, counsel has filed a
motion to withdraw.  See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903
S.W.2d 776, 779‑80 (Tex. App.—Dallas 1995, no
pet.) ("If an attorney believes the appeal is frivolous, he must withdraw
from representing the appellant.  To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief
showing the appellate court that the appeal is frivolous.") (citations
omitted)).  We grant counsel's motion to withdraw.[5] 
Within five days of the date of this Court=s opinion, counsel
is ordered to send a copy of the opinion and judgment to appellant and to
advise appellant of her right to pursue a petition for review in the Texas
Supreme Court.  See In re K.D., 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st
Dist.] 2003, no pet.).

IV.  Conclusion

            The judgment of the trial court is affirmed. 

 

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Delivered
and filed the 

16th
day of June, 2011.









[1] The trial court also terminated the
rights of M.D.C.D.'s alleged father and any unknown fathers.  Only R.V.,
M.D.C.D.'s mother, appeals from the termination order.

 





[2] Appellee, the Texas Department of
Family and Protective Services, filed a response stating that "[a]fter
reviewing the record before the Court, the Department's professional evaluation
is that the record does not contain evidence to support the trial court's
frivolous finding."  However, based on our independent review of the
entire record now before this Court and our Anders analysis set out
below, see Anders v. California, 386 U.S. 738, 774-45; Penson v. Ohio, 488
U.S. 75, 80 (1988), we
conclude otherwise.

 





[3] In the criminal context, the Texas Court of
Criminal Appeals has held that "the pro se response [to a 'frivolous
appeal' brief] need not comply with the rules of appellate procedure in order
to be considered.  Rather, the response should identify for the court those
issues which the indigent appellant believes the court should consider in
deciding whether the case presents any meritorious issues."  In re
Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting Wilson
v. State, 955 S.W.2d 693, 696‑97 (Tex. App.—Waco
1997, no pet.)).





            [4]
On April 27, 2011, we ordered the court reporter to provide a record of the
July 7, 2010 bench trial at no cost to appellant because the record of the section
263.405 hearing provided insufficient information to determine whether the
trial court abused its discretion in determining that the appeal was indeed
frivolous.  See Tex. Fam. Code
Ann. § 263.405(g) (West 2008) (allowing courts to enter
"appropriate orders" when determining the frivolousness of an appeal);
In re J.J.C., 302 S.W.3d 436, 446-47 (Tex. App.—Houston [14th Dist.]
2009, pet. denied) (reviewing cases discussing the necessity of a trial court
record and reasoning that ordering the record was appropriate because both the
Department and the trial court referred to evidence from the trial on the
merits during the 263.405 hearing); see also M.C. v. Tex. Dep't of Family
& Prot. Servs., 300 S.W.3d 300, 302 (Tex. App.—El Paso, no pet.); but
see also In re R.C.R., No. 14-08-00904-CV, 2009 Tex. App. LEXIS 2540, at
*10-11 (Tex. App.—Houston [14th Dist.] Apr. 14, 2009, no pet.) (mem. op.)
(expressing concern regarding the prospect of ordering the record, because
"[i]f a parent appealing from a termination of his or her rights can get a
free record merely by challenging the sufficiency of the evidence, section
263.405's frivolous appeal limitations will be easily circumvented").  We
received a complete record on May 25, 2011.

 





[5] No substitute counsel will be appointed.  Should
appellant wish to seek further review of this case by the Texas Supreme Court,
she must either retain an attorney to file a petition for review or file a pro
se petition for review.  Any petition for review must be filed within
forty-five days after the date of either this opinion or the last ruling by
this Court on all timely filed motions for rehearing or en banc
reconsideration.  Tex. R. App. P.
53.7(a).  Any petition for review must comply with the requirements of rule
53.2 of the Texas Rules of Appellate Procedure.  See id. at rule 53.2.