

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00375-CV

## IN THE INTEREST OF
## M.N.R., M.E.R., M.R., & A.R., MINOR CHILDREN,

### From the County Court at Law No. 1
### Johnson County, Texas
### Trial Court No. D200900076

## DISSENTING OPINION

Because I disagree with the majority's holding that Appellant's constitutional issues are frivolous, I respectfully dissent.

Appellant's statement of points asserts two issues: (1) that subsection 161.103(e) of the Family Code is unconstitutional because it denies parents an opportunity to reconsider their decision to relinquish parental rights; and (2) that section 263.401 of the Family Code is unconstitutional because it arbitrarily requires a trial within eighteen months.

Based on Appellant's and the Department's supplemental briefs and the arguments made in the trial court on Appellant's motion for new trial, I would conclude

that these two constitutional issues are not frivolous and would proceed to address the merits of Appellant's arguments. *See, e.g., In re Q.W.J.,* 331 S.W.3d 9, 14 (Tex. App.—Amarillo, no pet.) (holding constitutional challenge not frivolous); *M.C. v. Tex. Dep't Fam. & Prot. Serv's.,* 300 S.W.3d 300, 304 (Tex. App.—El Paso 2008) (same), *disp. on merits,* 300 S.W.3d 305 (Tex. App.—El Paso 2009, pet. denied); *D.R. v. Tex. Dep't Fam. & Prot. Serv's.,* 281 S.W.3d 598, 602 (Tex. App.—El Paso 2008, no pet.) (same).

Appellant's second issue asserts that section 263.401 of the Family Code is unconstitutional as a separation-of-powers violation because it arbitrarily requires a trial within eighteen months in cases in which the Department requests termination of the parent-child relationship or that the Department be named conservator of the child.[1] *See* TEX. FAM. CODE ANN. § 263.401 (Vernon 2008). While I would find persuasive the decision in *Texas Dep't Fam. & Prot. Serv's. v. Dickensheets,* 274 S.W.3d 150 (Tex. App.—Houston [1st Dist.] 2008, no pet.), neither this court nor our supreme court appears to have addressed such a challenge to section 263.401. The fact that a sister court has ruled on the issue should not render as frivolous Appellant's constitutional challenge.

I would apply this same rationale to Appellant's first issue, which is that subsection 161.103(e) of the Family Code is unconstitutional. Appellant asserts equal-protection and due-process challenges to subsection 161.103(e), which provides:

---

[1] In his motion for new trial, Appellant asserted that he was under indictment at the time this termination case was called to trial, which was eighteen months after his children had been removed. He claimed that he was faced with the dilemma of waiving his right against self-incrimination or losing his children, and that but for section 263.401's deadline, the criminal case should have been tried first. It appears that Appellant resolved the dilemma a third way by executing the relinquishment affidavit. He thus sought to undo the relinquishment affidavit with his constitutional challenge to subsection 161.103(e), and he sought a new trial without 263.401's arbitrary deadline.

(e) The relinquishment in an affidavit that designates the Department of Protective and Regulatory Services or a licensed child-placing agency to serve as the managing conservator is irrevocable. A relinquishment in any other affidavit of relinquishment is revocable unless it expressly provides that it is irrevocable for a stated period of time not to exceed 60 days after the date of its execution.

TEX. FAM. CODE ANN. § 161.103(e) (Vernon 2008). Appellant asserts that the statute violates equal protection because a relinquishment affidavit that designates the Department or a licensed child-placing agency to serve as the managing conservator denies parents an opportunity to reconsider their decision to relinquish parental rights, while any other relinquishment affidavit is revocable within a certain time period. Neither this court nor our supreme court appears to have addressed this issue.

The Department points out that in 1989, the Amarillo court considered this issue under an earlier version of the Family Code in *In re McAda*, 780 S.W.2d 307 (Tex. App.—Amarillo 1989, writ denied). If I were to address the merits of Appellant's constitutional challenge to subsection 161.103(e), *McAda* would be persuasive authority for finding the statute constitutional. *See id.* at 311. But I would not avoid the merits of the issue by finding it frivolous.

Accordingly, I respectfully dissent.


REX D. DAVIS
Justice

Dissenting opinion delivered and filed August 24, 2011