# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-19-00561-CV
NO. 03-19-00562-CV

---

**C. R. D., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY**
**NOS. D-1-FM-15-000530 & D-1-FM-19-003368,**
**THE HONORABLE DARLENE BYRNE, JUDGE PRESIDING**

---

# M E M O R A N D U M   O P I N I O N

C.R.D. filed these attempted appeals of decrees terminating her parental rights to K.D.D., K.M.I., and J.A.J.V. However, both decrees are captioned as "Interlocutory Decree-Termination of Parental Rights" and do not dispose of all parties and issues in the underlying cases. Specifically, the decrees do not dispose of J.L.D.'s parental rights to K.D.D., B.D.I.'s parental rights to K.M.I., and J.A.J.'s parental rights to J.A.J.V. Further, both decrees continue the Texas Department of Family and Protective Services as temporary managing conservator for K.D.D., K.M.I., and J.A.J.V.

We have jurisdiction only over appeals from final judgments and certain interlocutory orders that the Legislature has designated as appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). These decrees are neither. There is no legislative

designation for interlocutory appeal of these decrees and they are not final for purposes of appeal because they do not dispose of all parties and issues in the underlying cases. *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019) (noting that "[a]s a general rule, appeals may be taken only from final judgments"); *M.C. v. Texas Dep't of Family & Protective Servs.*, 300 S.W.3d 300, 303 (Tex. App.—El Paso 2008, pet. denied) (concluding termination order appointing Department as child's temporary managing conservator was not "final order" and dismissing interlocutory appeal); *In re A.N.*, No. 05-15-01235-CV, 2015 Tex. App. LEXIS 12332, at *2 (Tex. App.—Dallas Dec. 3, 2015, no pet.) (mem. op.) ("In a case in which the Department of Family and Protective Services seeks an order terminating the parental rights of both parents, an order that terminates the parental rights of only one of the parents is an interlocutory order."); *In re F.M.-T.*, No. 02-12-00522-CV, 2013 Tex. App. LEXIS 4364, at *2 (Tex. App.—Fort Worth Apr. 4, 2013, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because trial court's order did not terminate parental rights of presumed father of one child).

Accordingly, we dismiss these appeals for want of jurisdiction.[1] *See* Tex. R. App. P. 42.3(a).

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed: September 11, 2019

---

[1] C.R.D. subsequently filed unopposed motions to dismiss these appeals for want of jurisdiction. We dismiss those motions as moot.